UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

THEODORE J. VISNER,                CASE NO. 19-CV-11232
          PLAINTIFF,

     V.                            JUDGE: MATTHEW LEITMAN

TROY STEWART, ET AL.,
          DEFENDANT(S),

F I L E D
JUL 31 2019
CLERK'S OFFICE
DETROIT

① PLAINTIFF'S RESPONSE TO DEFENDANT COURT'S "ORDER DIRECTING PLAINTIFF TO SHOW CAUSE IN WRITING WHY HIS COMPLAINT (ECF#1) SHOULD NOT BE DISMISSED FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED"

② PLAINTIFF'S MOTION FOR COURT APPOINTED COUNSEL DUE TO THE COMPLEXITY OF THIS CASE AND THE JOINDER ISSUES AND COMPLEX CASE MANAGEMENT ISSUES BETWEEN CASES FOR POTENTIAL JOINDER OF CLAIMS, CASES: 19-11289, 19-11424, 19-11466, 19-11487, 19-11775, AND OTHERS

③ PLAINTIFF'S OBJECTION AND REBUTTAL TO THIS COURTS ANALYSIS OF PLAINTIFF'S COMPLAINT

④ PLAINTIFF'S MOTION FOR THIS COURT TO CONSIDER THIS ACTION TO INCLUDE A PETITION FOR A WRIT OF HABEAS CORPUS

⑤ ATTACHED EXHIBIT A

⑥ MOTION TO ADD DEFENDANT BAY CO. UNDERSHERIFF CHRIS MAUSOLF

⑦ ALTERNATIVELY, IF THE COURT HAS TROUBLE UNDERSTANDING THE COMPLEXITY OF ANY ISSUES HEREIN BECAUSE OF MY LACK OF EXPERIENCE IN PRESENTING ISSUES TO THE COURT, A VIDEO HEARING BE HELD WITH ME IN PRISON.

POOR QUALITY ORIGINALS

PAGE 1 OF 3

On June 12, 2019 this District Court Ordered this Plaintiff to show cause why this Complaint should <u>Not</u> Be Dismissed For Failure to State a Claim For which Relief may Be Granted.

In a showing of Cause, this Plaintiff States again that Criminal Defendants have a Constitutionally Secured Right to Present a Defense in their Criminal Prosecution as a Critical and Required Component Part of our Adversarial System of Justice. When a Criminal Defendant's Right to Present his Defense is Taken Away - the Adversarial Process is itself, Completely Defeated and Becomes Something Other All together.

On Page 1, Paragraph 2 of this Court's Order, this Court Says

"Visner's Complaint — --- — Concerns Visner's State-Court Criminal Proceedings."

Is this Court Suggesting that Being in Jail and those Associated Conditions of Confinement Constitute - State-Court Criminal Proceedings? The Intent of this Plaintiff's Incarceration was to Separate him/me from my Defense Material to Hinder my Defense. To make this Violation Look Not so Obvious, the 18th Circuit Court Granted me Access to my Defense Material in the Attached Exhibit Containing an Order Dated September 27, 2018 - Allowing my Access to my Defense Material in the Jail and this Order was Defied by the Defendants in this Action Preventing me From Furnishing Proofs to my Jury that would have Led to my Acquittal.

Fed Dist Court Case # 19-cv-11289 is for the Police and Prosecution Conspired Plan and Executed Theft of this Plaintiff's Exculpatory Evidence from his Home and this Action is Against the County and it's Jailors for Blocking the Introduction of the Same Evidence (Exculpatory) in Digital Format to the Same Jury Again with the Intent to Prevent my Defense and Ensure my Conviction.

These Same Defendants at the Same Time Suspended the Co. Jail Grievance System/Process all together making this Federal Court the only means for Redress while at the Same time making Access Impossible. This Action Should Have Been Filed at a Time When it was <u>Not</u>, Made Not Possible to Do so, Between Sept 27 and Oct 22, 2018. Had this Action Been Filed when Bay Co. Made it Impossible to File, this Court would <u>Not</u> Be Asking me to Show Cause as to why it Should Not Be Dismissed Because of Heck v. Humphries.

Page 2 of 3

THIS PLAINTIFF'S ENTIRE DEFENSE WAS BOUND AND GAGGED BY THE ACTS OF THESE DEFENDANTS IN EFFORT (INTENTIONAL) TO ASSIST THE POLICE AND PROSECUTOR ASSURE/ENSURE A CONVICTION FOR BIAS/PUBLIC HATRED FROM SUBJECT OF 19-11466 SEQ. IN THIS US DIST. COURT.

⊛ CLAIMING "FAILURE TO STATE A CLAIM FOR WHICH RELIEF MAY BE GRANTED" IN THIS CASE AND IN THESE "SCREENINGS" (CASE DISPOSAL(S)) IS BEING DONE ENTIRELY OUT OF CONTEXT AS THE CLAIMS STATED IN ALL THE HEREIN FEDERAL COURT CASES BY THIS PLAINTIFF DO STATE PROPER CLAIMS FOR WHICH RELIEF MAY BE GRANTED. THIS COURT SEEMS TO BE CAPITALIZING ON THE "WHEN" RATHER THAN THE "IF" FOR "SCREENING" PURPOSES, IN IT'S SCREENING PROCESS IN ERROR OF IT'S DISCRETION.

"AN ACTION THAT FAILS TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED." COULD NEVER CURE ITSELF WITH TIME WHEREAS THIS ACTION WILL WITH THE REVERSAL AND VACATION OF THE UNDERLYING CONVICTION AND SENTENCE OF THE TRIAL COURT.

THIS COURT KNOWS THAT THIS PLAINTIFF'S ^(INSTANT) CLAIM IS SOLID ~~ALSO~~ FROM THE WELL PLEADED FACTS AND THAT ~~THE HIS~~ RELIEF CAN BE GRANTED SATISFYING THE ORDER TO SHOW CAUSE SO THIS COURT SHOULD NOT DISMISS THIS ACTION AND ORDER THE SERVICE OF THE NAMED DEFENDANTS IN THIS ACTION THROUGH THE MARSHAL SERVICE.

DEFENDANT TROY STEWART SUSPENDED THE BAY CO. JAIL GRIEVANCE SYSTEM/PROCESS CITING THE TROUBLE I CAUSED HIM DURING MY 56 DAY STAY AT THE COMMENCEMENT OF MY PROSECUTION FROM OCT 11, 2017 TO DEC 6, 2017 - SO THAT THE GRIEVANCE PROCESS WOULD NOT BE AVAILABLE DURING MY STAY FROM 8-8-18 TO 12-19-18 KILLING MY ADMINISTRATIVE REMEDIES AND PREVENTING THIS ACTION BEFORE MY TRIAL INCLUDING INJUNCTIONS AGAINST THE SAME BEHAVIOR. ATTACHED IS A MOTION FOR NEW TRIAL THAT INCLUDES THE GRIEVANCE ON DEFENDANT TROY STEWART AND HIS 3 PAGE DENIAL...

PAGE 2A OF 3

These Defendants are not being sued entirely for having denied me a fair trial but more for depriving me of my property absent due process independent from the end result of the "trial".

This court is attempting to make a "timing issue" cause for disposing of my case without acknowledging that the creation of these issues had been continuing on Heck v. Humphries from the start to conceal these constitutional deprivations from any and all "other" court(s). (Sneaky Bastards)

Pg 2 ¶1 of this court's order says...

"Visner NOW Alleges ..." [Emphasis Added]

This, in context, IS NOT correct. Visner has/had been alleging since October 1, 2018 and all the way up to and through the "trial" that the defendants had defied court orders to deny my access to my proofs and evidence to support my defense and NOT merely "Access to Materials to Assist Him" as suggested by this court.

The violation of my rights took place before my "trial" but because of my conviction and sentence as a result of the trial that should have been adjourned, my right to redress for this particular issue is LOST due to Heck. What the Heck!

This set of facts creates an instruction set on how to violate rights for malicious prosecution and abscond from liability by creating a conviction which constitutes weaponized court process — promoted by Heck. Malicious & vexatious prosecutions DO HAPPEN. How many have been concealed by the misapplication of Heck to pervert our system of justice?

WHEREFORE Plaintiff prays that this court accepts this 1985/1983 claim to include a petition for writ of Habeas Corpus and issue such writ, appoint investigator, case(s) counselor for consolidation/enjoinment conspiration, order the 18th circuit court to stop denying me access to my post conviction remedies and rejecting my proper requests for copies of pleadings and transcripts under MCR 6.433(c) without further delay or excuse, appoint counsel to assist in consolidation and negotiations and any other and further relief this honorable court deems appropriate.

Respectfully Submitted,

_Theodore J. Visner_

Wednesday
July 24, 2019
Date

PAGE **3** OF 3

EXHIBIT A

12-13-18

DEAR CLERK OF THE 18th CIRCUIT COURT.

Mr. MANNIKKO WAS TO FILE A 63 PAGE <u>OBJECTION</u>
<u>AND EMERGENCY</u> MOTION FOR RECONSIDERATION ON EITHER
12-11-18 OR 12-12-18 AND SET A HEARING DATE FOR
THAT.

   IF Mr. MANNIKKO HAS NOT SET THIS FOR HEARING
AS I HAD ASKED HIM to, PLEASE DO THAT NOW
AND LET ME KNOW WHAT THE DATE AND TIME WILL BE
SO THAT I MAY NOTICE THE PARTIES. ADDITIONALLY
THERE WILL BE EMERGENCY MOTION FOR BAIL BETWEEN TRIAL
COURT JUDGMENT AND DECISION OF APPELLATE COURT
to ALSO BE HEARD AT THE SAME TIME.

THANK YOU!!!!
HAPPY HOLIDAYS! GOD BLESS YOU?

12-13-18

TED VISNER

**STATE OF MICHIGAN**
**IN THE 18TH CIRCUIT COURT FOR THE COUNTY OF BAY**
**- CRIMINAL DIVISION -**

PEOPLE OF THE STATE OF MICHIGAN

V.                                                          HON; HARRY P. GILL

~~17-10629-FH~~

17-10630-FH

THEODORE JOSEPH VISNER,                   17-10631-FH
                Defendant.                         17-10632-FH

| | |
|---|---|
| BERNARD J. COPPOLINO (P33577) | THEODORE JOSEPH VISNER |
| Bay County Assistant Prosecutor | *In Proper Persona* |
| 1230 Washington, Suite 768 | 856 W. Cody-Estey Road |
| Bay City Michigan 48708 | Pinconning, MI 48226 |
| (989) 895-4185 | (989) 954-2814 |

DEFENDANT'S EMERGENCY MOTION FOR BAIL
BETWEEN TRIAL COURT JUDGMENT
AND DECISION OF APPELLATE COURT

NOW COMES DEFENDANT THEODORE VISNER AND MOVES THIS COURT TO REINSTATE THE PREVIOUSLY ISSUED PRE BOND SO THE DEFENDANT CAN FIND GAINFUL EMPLOYMENT AND EARN FOR HIS FAMILY AND BE WITH HIS FAMILY & 2 yr OLD DAUGHTER FOR HER 3RD CHRISTMAS. (PER MCL 770.8)

WHEREFOR DEFENDANT PRAYS THIS COURT GRANTS THIS MOTION AND ALLOWS THIS DEFENDANT TO FIND EMPLOYMENT AND BE WITH FAMILY AND LOVED ONES.

RESPECTFULLY SUBMITTED.

THEODORE VISNER          12-12-18
                     DATE

**STATE OF MICHIGAN**
**COUNTY OF BAY**
ATTESTED
A TRUE COPY
CYNTHIA A. LUCZAK
CLERK OF CIRCUIT COURT

By P. Fisher _____ Deputy

Page 1 of 1          ONE OF 5 ORIGINAL COPIES

**PROOF OF SERVICE**

All parties were served a copy of this, _DEFENDANT'S EMERGENCY MOTION_ _FOR BAIL BETWEEN TRIAL COURT JUDGMENT AND DECISION OF_ _APPELLATE COURT_

on 12-13-18 ~~AFTER 8:00 PM~~ by ~~US Postal Service~~ or ⟨personal service⟩ at the address below.

_BY THEODORE J VISNER_

_INNER OFFICE JAIL DELIVERY_
_BY JAIL STAFF C/O MURPHY / SAM_
_to 2 to MANNIKKO to 2_

to _18th CIRCUIT_

BERNARD J. COPPOLINO (P33577)
Bay County Assistant Prosecutor
1230 Washington, Suite 768
Bay City Michigan 48708
(989) 895-4185

Bay County Circuit Court Clerk
1230 Washington, Suite 725
Bay City, MI 48708
3 ~~4~~ sets, one for each file
1 set for Judge Gill

Prepared by

THEODORE JOSEPH VISNER
_In Propria Persona_
856 West Cody Estey Road
Pinconning, MI 48650
(989) 954-2814

12-13-18
DATE

Page 1 of 1

STATE OF MICHIGAN
IN THE 18TH CIRCUIT COURT FOR THE COUNTY OF BAY
- CRIMINAL DIVISION -

PEOPLE OF THE STATE OF MICHIGAN

V.

HON; HARRY P. GILL
17-10629-FH
17-10630-FH
17-10631-FH
17-10632-FH

THEODORE JOSEPH VISNER,
Defendant.

BERNARD J. COPPOLINO (P33577)
Bay County Assistant Prosecutor
1230 Washington, Suite 768
Bay City Michigan 48708
(989) 895-4185

THEODORE JOSEPH VISNER
*In Proper Persona*
856 W. Cody-Estey Road
Pinconning, MI ▓▓▓ 48650
(989) 954-2814

OBJECTION TO 12-6-18 ORDER AND        12-10-18

TIMELY FILED EMERGENCY MOTION FOR RECONSIDERATION OF THE HASTY AND WANTINGLY UNINFORMED AND INCONSIDERATE AND **COMPLETELY UNFAIR** RULING OF THE COURT ON DECEMBER 6, 2018 WITH REGARD TO THIS DEFENDANT'S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT OR ALTERNATIVELY FOR A **FAIR** NEW TRIAL

NOW COMES DEFENDANT THEODORE J. VISNER

MOVES THIS COURT TO STOP BEING UNFAIR TO THIS DEFENDANT AND TO RECONSIDER THE DEC 6, 2018 COURT RULING THAT DENIED THIS DEFENDANT A FAIR NEW TRIAL AND PRESENTS THIS ADDITIONAL

Page 1 of 10

STATE OF MICHIGAN
COUNTY OF BAY
ATTESTED
A TRUE COPY
CYNTHIA LUCZAK
CLERK OF CIRCUIT COURT
By
DEPUTY

INFORMATION THAT THE COURT HAS BEEN EXTREMELY RELUCTANT TO HEAR AND ACCEPT DESPITE THE BEST EFFORTS OF THIS DEFENDANT IN EVERY ENCOUNTER WITH THIS COURT, THIS DEFENDANT HAS BEEN DENIED COURT ORDERED ACCESS TO DEFENSE MATERIALS AND PROOFS FOR DEFENDANT'S DEFENSE! ⟩ THIS IS OBVIOUSLY IMPORTANT AND A CRITICAL COMPONENT TO THE PROPER ADMINISTRATION OF JUSTICE AND CAN NOT BE, IN ANY GOOD FAITH, IGNORED! ⟨

THE "PEOPLE" CLAIM THAT THIS DEFENDANT HAS BEEN DENIED ACCESS TO DEFENSE EQUIPMENT & DEFENSE MATERIALS BECAUSE DANI AUSTIN DIDN'T BRING IN POWER CORDS WHEN THE MAJORITY OF MY EQUIPMENT IN THE POSSESSION OF THE "PEOPLE" ALREADY HAD THE REQUIRED POWER CORDS AS SHOWN IN THE PICTURES INCLUDED IN THE ATTACHED 32 PAGE NOTARIZED EXHIBIT TITLED "BAY COUNTY JAIL PRISONER GRIEVANCE-TV.001", EXHIBIT 001.

ONE OF THE LAPTOP COMPUTER BATTERIES STILL HELD A CHARGE OF 20% ON OCT 27, 2018 WHEN CHECKED BY DANI AUSTIN! BNT @236-17

ADDITIONALLY- BAYANET POLICE REPORT SUPPLEMENTAL 004 DATED OCT 11, 2017 PAGE 31, (ITEM #0097)- DESCRIBES A ZMODO HARD DRIVE 500 GB CAMERA WITH POWER CORD◄ ON THE POLICE REPORT!

PAGE 32 (ITEM #0100)- ASUS SERIAL D6N0C4637870254 LAPTOP COMPUTER WITH POWER CORD - (ITEM #0120) ON PAGE 36 IS CELL PHONE WITH POWER CORD - (ITEM #0025) IS PICTURED ON PAGE 29 OF EXHIBIT WITH USB POWER CORD. ADITIONALLY (ITEM #64) ON PAGE 24 OF OF BNT-236-17 SUP-0004 DOESN'T SAY THAT IT WAS STOLEN BY THE POLICE WITH IT'S CORD BUT IN THE PICTURE ON PAGE 31 OF THE ATTACHED EXHIBIT YOU CAN SEE THAT IT WAS RETURNED TO DANIELLE AUSTIN AFTER DEF'S KANGAROO TRIAL

PAGE 2 OF 10

IN AN EVIDENCE BAG <u>WITH A POWER CORD</u>. THE EVIDENCE BAG IS CLEAR AND EVEN IF SEALED THE POWER CORD IS VISABLE THROUGH THE EVIDENCE BAG.

THE TWO ASUS COMPUTERS, CALLED ITEMS #24 AND #100 BY THE PEOPLE ARE THE SAME BRAND AND USE THE SAME POWER CORD. THIS CORD IS INTERCHANGABLE WITH THESE 2 COMPUTERS.

THE COURT CAN REMAIN AS IGNORANT AND AS BELLIGERENT AS IT WANTS BUT THIS WILL NEVER CHANGE THE FACT THAT THIS DEFENDANT HAS BEEN INTENTIONALLY DENIED & REFUSED COURT ORDERED ACCESS to HIS PROOFS AND DEFENSE MATERIALS AND EQUIPMENT & MADE UNABLE TO DEFEND HIMSELF AS REQUIRED BY LAW, CONSTITUTION AND COMMON DECIENCY AND { CONSTITUTES MUCH MUCH MORE THAN SUFFICIENT GROUNDS FOR APPELLATE REVERSAL OF THE CONVICTION AS PER MCR 6.431(B) }

ON 12-6-18 THIS COURT QUESTIONED MR. COPPOLINO, THE BAY COUNTY ASSISTANT PROSECUTING ATTORNEY, IF HE HAD A RECORDING ABOUT ME REJECTING POWER CORDS AND MR. COPPOLINO SAY'S THAT HE DOES AND THAT HE HAS BROUGHT IT TO THE COURT BUT THIS RECORDING WAS NEVER AUTHENTICATED OR PLAYED FOR THE COURT NOR WAS IT FILED WITH THE COURT OR PRESENTED TO THE PARTIES BUT ON COPPOLINO'S "SAY SO", JUDGE GILL ACCEPTED THIS UNPRESENTED HEARSAY EVIDENCE CONTRARY TO THE MICHIGAN RULES OF EVIDENCE AND PROPER COURTROOM DECORUM AND THE COURT (HARRY P GILL) ACCEPTS THIS UNPRESENTED HEARSAY EVIDENCE HAVING NEVER HEARD IT OR EVEN VERIFYING THAT IT EXISTS. IT WAS THE SUGGESTION OF THIS UNPRESENTED HEARSAY THAT WAS NEVER PRESENTED THAT WAS USED TO DENY THE DEFENDANTS MOTION ON 12-06-18 UNJUSTLY.

THIS DEFENDANT ADAMANTLY <u>OBJECTS</u> TO THIS BEHAVIOR. HOLDING ME PRISONER NOW IS TO DELAY OR PROHIBIT REDRESS.

PAGE 3 OF <u>10</u>

BAY CO. JAIL - THIS PRIVATE & PRIVILEGED CONVERSATION HAS NO

RELEVANCE IN THESE PROCEEDINGS AS THE

POWER CORDS NEEDED WERE ALREADY HERE

AT THE BAY CO. JAIL

AND THE COPS, PROSECUTORS AND JAIL

ADMINISTRATORS KNEW THIS! AND HAVE KNOWN THIS THE ENTIRE TIME!
(CPT TROY STEWART & SGT. OLIVER)

But WHY IS HARRY P. GILL BEGGING THE PROSECUTOR FOR SOMETHING TO SUPPORT THE CONTINUED CONSPIRED DEPRIVATION OF MY DUE PROCESS RIGHTS UNDER COLOR OF LAW?

I HAVE BEEN ROBBED OF MY RIGHTS TO A FAIR AND SPEEDY TRIAL BY BAY COUNTY PROSECUTOR BERNARD COPPOLINO AND JUDGE HARRY P. GILL.

ADDITIONALLY! IN ALL OF THE CAUTIONS GIVEN TO ME ABOUT REPRESENTING MYSELF, NEVER ONCE HAS JUDGE GILL EVER TOLD ME THAT IN REPRESENTING MYSELF THAT I WOULD NOT BE ALLOWED BY THE COURT TO REPRESENT MYSELF! THAT "HE" - "JUDGE GILL" WOULD NOT ALLOW ME TO REPRESENT MYSELF. THIS WAS ALSO NOT FAIR & UNCONSTITUTIONAL & GROUNDS FOR COA REVERSAL AS PER MCR 6.43(B)

ADDITIONALLY - THIS COURT HAS FAILED TO STATE ITS "REASONS" FOR GRANTING OR DENYING A NEW TRIAL ORALLY ON THE RECORD OR IN A WRITTEN RULING MADE A PART OF THE RECORD AS REQUIRED BY MICHIGAN COURT RULE - MCR 6.431(B). THIS COURT MUST STATE IT'S REASONS AS REQUIRED! THIS MAY ALSO BE GROUNDS FOR APPELLATE REVERSAL PER MCR 6.43(B)

ADDITIONALLY - THIS COURT HAS REFUSED TO ADDRESS THE CLAIMS THIS COURT DENIED DEFENDANT'S PARTICIPATION IN PRE-TRIAL CONF. ON THE DATE OF OCT 11, 2018 AND THEN SET A HEARING FOR ME ON OCT 17, 2018 THEN HIJACKED THAT HEARING TO ROB THIS DEFENDANT OF HIS DEFENSES SIX DAYS BEFORE TRIAL STARTS W/O NOTICE & GROUNDS FOR REVERSAL PER MCR 6.43(B)

ADDITIONALLY - THIS COURT HAS REFUSED TO ADDRESS THE JURISDICTIONAL CHALLENGES PRESENTED ON SEPT 12, 2018, THE ABSENCE OF A PROPER COMPLAINT AS REQUIRED AND DEFINED BY MCR 6.101(A) & GROUNDS FOR COA REVERSAL MCR 6.431(B)

ADDITIONALLY - THIS COURT ALTERED THE COMPLAINT FELONY ON SEPTEMBER 12, 2018 TO READ AS FOLLOWS!

PAGE 4 OF 10

COUNT 1: CONTROLLED SUBSTANCE - DELIVER MANUFACTURE
MARIJUANA did manufacture, OR POSSESS WITH INTENT
TO DELIVER THE CONTROLLED SUBSTANCE MARIJUANA;
"Contrary to MCL 333.7401(1); "
ADDED BY CILL ON 9-12-18

ADDING THE NUMBER 333.7401(1) BETWEEN "MCL" AND
THE SEMICOLON TO CREATE A PROPER STATUTORY CITATION
OF A CRIMINAL OFFENSE. BUT THE COURT IS NOT
SUPPOSED TO DO THE WORK OF THE PROSECUTOR!
GROUNDS FOR COA REVERSAL AS PER MCR 6.431(B)
THIS DEFENDANT HAS BEEN FORCED TO DEFEND AGAINST
UNSPECIFIED CHARGES FROM OCT 11, 2017 THROUGH THE COURT
ORDERED CLOSE OF MOTIONS ON SEPT 12, 2018 EXHAUSTING
THIS DEFENDANT'S RESOURCES ENTIRELY AT MASSIVE PREJUDICE
AND BIAS AGAINST DEFENDANT ¦ GROUNDS FOR APPELLATE REVERSAL PER MCR 6.431(B)

**ADDITIONALLY** — THIS DEFENDANT WAS NEVER ARRAIGNED
ON THE NEW CHARGES PRESENTED TO DEFENDANT BY THIS COURT
ON SEPTEMBER 12, 2018 NOR HAS THIS DEFENDANT BEEN
ASKED TO PLEA TO THESE NEW ALTERED CHARGES. NOR HAS
THE PROSECUTOR AMENDED THE COMPLAINT FELONY OR THE
INFORMATION FELONY CREATING ADDITIONAL GROUNDS FOR APPELLATE REVERSAL AS PER
MCR 6.431(B).

MORE THAN A DOZEN SUPPORTED REASONS EXIST
TO JUSTIFY SETTING ASIDE OR VACATING THE CONVICTION
AND GRANTING A NEW TRIAL THAT IN AN UNBIASED
COURT WOULD LEAD TO AN OUTRIGHT ACQUITTAL AND DISMISSAL.

THIS WEAPONIZED COURT PROCESS WORKS EVEN IF IT
IS ULTIMATELY **NOT** SUCCESSFUL AS WILL BE SEEN
SHORTLY WHEN I AM SENT TO PRISON AND FORCED

To conduct My Defense From Prison After Being Subjected to Quaranteen At Jackson Prison for 3-6 weeks without Access to My Defense Materials While Myself And Family Incurs MORE AND MORE IRREPRABLE DAMAGES As Intended By The Bay Co. Courts, Prosecutors And Police.

"Exhibit 002" is a picture taken at My Home, in My Garage, under My Marihuana Cultivation Lighting on the date of the 2ND Police Raid on My Property of 8-8-18 Showing My Legal Defense Plans, Notes And Defense Strategy. More than 50 such pictures were taken of this Defendants Legal Documents Demonstrating that this 2ND Raid Had More to Do with Discovering And Derailing My Defense Than It Did with Anything Else.

My Continued Incarceration Not Only Cripples My Due Process Rights And Access to The Courts in These Instant Cases But Has ALSO Stopped And Prevented Other Legal And Civil Legal Actions Noted in Exhibit 002 Such As "Notice to MSP", "Notice to Governor", "Summons And Complaint Served on MSP," Multiple Constitutional Challenges to The Court of Claims, An Appeal of Isabella County Eviction Where Judge Eric Janes As The Judge in Those Proceedings told My Wife And I That As The Named Defendants That We Didn't Have Standing And Gave Away Our Land & Home In 2015. Plus Many Other Things.

Page 6 of 10

EXHIBIT 003 IS ANOTHER SUCH PICTURE TAKEN BY POLICE IN MY HOME, UNDER MY LIGHTS, OF MY DEFENSE PLANS AND AND DEFENSE MATERIALS. EXHIBITS 002 & 003 ARE ONLY TWO OF MORE THAN 50 PICTURES TAKEN BY POLICE THAT THIS DEFENDANT IS AWARE OF AND RAIDING MY HOME TO STEAL MY DEFENSES AND TAKING BY FORCE MY "PAPERS AND EFFECTS" WAS NEVER AUTHORIZED BY WARRANT (8:8) CONTRARY TO MY STATE & FEDERAL RIGHTS.

MY CONTINUED INCARCERATION IS NOT ONLY WRONG IN THIS CASE(S) BUT AS MUCH AND MORE FOR WHAT IT DOES TO [EXTINGUISH] MY RIGHTS AND ABILITY TO SEEK REDRESS AND REMEDY [1ST AMENDMENT RIGHTS] WITH REGARD TO THE ANONYMOUS - MSP OFFICER SAFETY CAUTION THAT HAS GENERATED THIS MASSIVE PREJUDICIAL BIAS AGAINST THIS DEFENDANT- THEODORE JOSEPH VISNER THAT MAKES HIM "**PERSONA NON GRATA**" WITHOUT ANY REBUTAL OR APPEAL RIGHTS.

EXHIBIT 004 IS A 2 PG. SWORN AFFIDAVIT WITH 1 PG EXHIBIT THAT WAS DELIVERED TO JUDGE GILL ON OCT 2, 2018 (21 DAYS BEFORE THE START OF TRIAL!) INFORMING HIM AND HIS OFFICE THAT CONTRARY TO HIS ORDERS, THIS DEFENDANT HAD STILL NOT BEEN ALLOWED TIME WITH HIS DIGITAL DEFENSE MATERIALS & PROOFS AS PER ORDERS. THEN ON OCT 11, 2018 JUDGE GILL WOULD NOT ALLOW ME, AS THE DEFENDANT PARTY IN THIS ACTION, TO PARTICIPATE IN THE PRE-TRIAL CONFERENCE ON OCT 11, 2018 { IN WANTON VIOLATION OF MCR 2.401(B) AND MCR 2.401(C) CREATING ADDITIONAL GROUNDS FOR APPELLATE REVERSAL PER MCR 6.431(B)

I KNOW THAT I HAVE "APPEAL RIGHTS"... EVERYBODY DOES. BUT FORCING THIS DEFENDANT INTO A POSITION TO HAVE TO APPEAL WHEN ALL OF THE APPELLATE REVERSAL ISSUES ARE SO OBVIOUS AND SO CLEAR ONLY DEMONSTRATES HOW BAY CO. PROSECUTORS AND JUDGE GILL CAN MANIPULATE COURT PROCESS TO UNFAIRLY CONVERT BAY CO. ACQUITTALS INTO BAY CO. CONVICTIONS THROUGH WEAPONIZED COURT PROCESS.

PAGE 7 OF 10

ON 12-06-18 CAPTAIN TROY STEWART HAND DELIVERED TO ME THE ATTACHED [EXHIBIT 005] 3 PAGE GRIEVANCE RESPONSE DATED DEC 6, 2018 THAT IS UNSIGNED MAKING IT INVALID AND VOID. IT IS ALSO FILLED WITH LIES AND IRRELEVENT INFORMATION. CAPTAIN TROY STEWART IS ALSO THE PRIMARY SUBJECT OF MY GRIEVANCE AND SHOULD HAVE NEVER ANSWERED IT HIMSELF. I GAVE THE GRIEVANCE TO SGT. MARTIN AND TOLD HIM THAT CAPTAIN STEWART WAS THE SUBJECT OF THE GRIEVANCE AND THAT IT SHOULD GO-TO CAPTAIN STEWART'S IMMEDIATE SUPERVISOR. SGT MARTIN ROLLED HIS EYES, ON DEC 8, 2018 (SATURDAY EVENING) I GAVE ANOTHER COPY OF THE 32 PAGE GRIEVANCE (MISSING PG 32 = EXHIBIT ACTION IN COURT DATED 9-27-18) TO THE BAY CO. SHERIFF & UNDER-SHERIFF TO SHARE AS NEEDED BECAUSE THE JAIL WOULD ONLY GET THIS ONE PAGE DOCUMENT IF I PAID $4.00 FOR IT!

HERE IS A LIST OF THE ITEMS THAT THIS DEFENDANT WAS TO BE GIVEN ACCESS TO WHEN PREPARING HIS DEFENSE. W THE SEPT 27, 2018 ORDER

| POWER CORD WITH ITEM AS HELD BY POLICE | ITEM # | DESCRIPTION | COULD THIS ITEM BEEN USED IN THE JAIL WITHOUT ADDITIONAL CORDS? |
|---|---|---|---|
| YES | ITEM 24 | ASUS LAPTOP COMPUTER | YES |
| YES | ITEM 25 | WD EXT HDD | YES |
| YES | ITEM 26 | SEAGATE EXT. HDD | YES |
| NO | ITEM 47 | IPHONE 6 | NO |
| YES | ITEM 46 | SAMSUNG SILVER CELL PHONE | YES |
| NO | ITEM 50 | WHITE IPHONE 5 W/CRACKED SCREEN | NO |
| YES | ITEM 64 | RADIO/TV/VCR HARD DRIVE | YES |
| YES | ITEM 86 | NIKON CAMERA (DIGITAL) | YES |
| YES | ITEM 97 | ZMODO 500GIG HARD DRIVE | YES |
| YES | ITEM 100 | ASUS LAPTOP COMPUTER | YES |

(DIAGRAM 1)

8 OF THE 10 ITEMS LISTED EITHER HAD IT'S OWN CORD OR COULD HAVE SHARED A CORD WITH AN ITEM THAT HAD ITS OWN CORD WITH IT.

8 OF THE 10 ITEMS COULD HAVE BEEN USED "AS-IS" TO ASSIST DEFENDANT IN PREPARING HIS DEFENSE.

10 OF 10 ITEMS DENIED DEFENDANT BY BAY CO. JAIL ADMINISTRATOR - CAPTAIN TROY STEWART IN DIRECT VIOLATION OF COURT ORDERS.

PAGE 8 OF 10

IN REMEMBRANCE — THIS DEFENDANT WAS GRANTED ACCESS TO THESE ITEMS AS A RESULT OF AN EMERGENCY MOTION MADE BY THIS DEFENDANT THAT IS TITLED;

"DEFENDANT'S EMERGENCY MOTION FOR RETURN OF PROPERTY STOLEN FROM DEFENDANT BY POLICE IN THESE CASES FOR THE PURPOSE OF HINDERING THIS DEFENDANT'S DEFENSE IN COURT CASES 17-10629, 17-10630, 17-10631, 17-10632 AND 18-10535-FY"

(ATTACHED AS EXHIBIT 007)

THIS EMERGENCY MOTION WAS GRANTED BY THE COURT FOR ALL OF THE REASONS STATED BY THE DEFENDANT INCLUDING THE REASONS STATED DIRECTLY IN THE CAPTION OF THE EMERGENCY MOTION ITSELF.

(ATTACHED AS EXHIBIT 008)

EXHIBIT 008 IS A SWORN AFFIDAVIT DATED OCTOBER 6, 2018 AGAIN CLAIMING UNDER OATH THAT THIS DEFENDANT HAS NOT HAD ACCESS TO COURT ORDERED DISCOVERY.

THERE ARE NOW TWO ISSUES WITH DEFENSE MATERIAL AND DEFENSE EQUIPMENT. THIS DEFENDANT WAS ORDERED DISCOVERY CONTAINED ON DEFENDANTS DIGITAL ELECTRONIC DEVICES DATING BACK TO MAY 2018 THAT HAS STILL NOT BEEN DELIVERED TO THIS DEFENDANT AS ORDERED BY THE COURT AND DIFFERENT AND FURTHER ORDER RESULTING FROM THE DEFENDANT'S ATTACHED 4 PG "EXHIBIT 007" WHICH WAS FOR DEFENSE MATERIALS (MOTIONS/PROOFS/ETC) PLUS DEFENSE COMPUTER AND TECH TAKEN FROM DEFENDANT ON AUGUST 8, 2018 AND ORDERED RETURNED TO DEFENDANT IN SEPTEMBER 2018.

THE PROSECUTION AND THE BAY CO JAIL ADMINISTRATION AND THE COURT ARE WORKING TOGETHER TO DENY THIS DEFENDANT ACCESS TO MATERIAL THAT IS THE SUBJECT MORE THAN TWO COURT ORDERS AND NUMEROUS OPEN COURT CONVERSATIONS RELATED TO THE SAME.

My Life is at Stake Here! Please Remember that when you look at the false counts of my filings. On December 6, 2018 Judge Gill Refused Granting A New Trial Knowing that This Defendant Never Got Access As Ordered to Both Defense Materials And Discovery over the Entire 13+ Months of the Prosecution of This Defendant.

This Defendant is Being Assaulted By the Weaponization of Court Process Here in Bay County.

The Trial in This Case was Forced to Happen Before the November Vote to help insure a Conviction When the Trial Should have Been Adjourned Based on the Fact that this Defendant had Been Denied Critical Access to Discovery and Defense Materials By the People And the Jail Staff.

Wherefore The Defendant Respectfully Requests This Court to Set Aside It's Unexplained Order to Deny Defendant's Motion to Grant A New Trial And Grant A Judgment Of Acquittal or Grant Defendant's Request for A New Trial.

4 Additional Affidavits Attached in Support.
Exhibit 009, Exhibit 010, Exhibit 011, Exhibit 012.

Prepared By,

_____

Theodore J. Visner
In Propria Persona
856 West Cody Estey Rd
Pinconning, MI 48650
(989) 954-2814

12-10-18
Date:

MCL 763.6
MCL 767.57
MCL 767.76

PROOF OF SERVICE
The defendant named above was provided a copy of this information on 12-12 20__
by: ☐ US Mail
☒ Hand Delivered
☐ Certified Mail
☐ Fax
☐ Overnight Courier
Signature:

Page 10 of 10



Nov 8, 2018
TV. 001

32 pg

# EXHIBIT 001

EXHIBIT 001 (32 pg)

# BAY COUNTY JAIL

PRISONER

# GRIEVANCE - TV.001

CAPTAIN TROY STEWART MADE ME GUILTY
OF 12 FELONY COUNTS BY DENYING
ME **COURT ORDERED ACCESS** TO **DEFENSE COMPUTERS**
AND **DEFENSE EVIDENCE** WHILE A PRISONER **UNDER HIS CHARGE.**

CAPTAIN TROY STEWART
COMMANDING OFFICER
BAY COUNTY JAIL

BAY CO. JAIL
503 3RD ST
BAY CITY, MI
48708

1 PG ~~PROS 005~~
2 PG ~~PROS 004~~
~~PAGE JOURNAL 5~~
2 PAGE ~~EXHIBIT 003~~
1 PAGE ~~COVER~~
1 PAGE ~~GRIEVANCE~~
2 PAGE ~~GRIEV 001~~
1 PAGE ~~GRIEV 002~~
8 PAGES SEE INDEX NEXT PAGE

PREPARED BY,

NOV 2, 2018
DATE

CAPTAIN TROY STEWART HAD PHYSICAL POSSESSION OF BOTH THEODORE
JOSEPH VISNER AND THEODORE VISNER'S DEFENSE COMPUTERS AND DEFENSE
EVIDENCE. CPT. STEWART KEPT THEM APART IN VIOLATION OF THE ATTACHED
COURT ORDER DENYING VISNER (ME) ACCESS TO EVIDENCE NEEDED FOR TRIAL.
   MY TRIAL IS OVER NOW AND I HAVE BEEN FOUND GUILTY WITHOUT THIS
DEFENSE EVIDENCE.
GRIEVANCE,
TED AT THE DIRECTION OF THE BAY COUNTY JAIL ON THE
IM THAT STANDARDIZED GRIEVANCE FORMS DO NOT
ST FOR ME TO USE TO FILE A GRIEVANCE ON OCT 30, 2018

# INDEX

## GRIEVANCE - TV.001
## INDEX

TEKEL

THOU HAST BEEN WEIGHED IN THE BALANCES AND ART FOUND WANTING.

(DANIEL 5:26)

Pg i    GRIEVANCE COVER & INTRO
Pg ii   INDEX
Pg 1-6  BODY
Pg 6    SIGNATURE & NOTARY

2 pg   EXHIBIT 001   SEPT 27, 2018  ORDER
1 Pg   EXHIBIT 002   OSC <BIAS GENERATOR>
2 Pg   EXHIBIT 003   COPPOLINO LETTER (DATED SEPTEMBER 18, 2018)
2 Pg   EXHIBIT 004   COPPOLINO FILING (DATED SEPTEMBER 24, 2018)
1 Pg   EXHIBIT 005   COPPOLINO LETTER (DATED OCT 2, 2018)
3 Pgs  EXHIBIT 006   SUP.001 to GRIEVANCE TV.001
5 Pgs  EXHIBIT 007   5 JAIL KITES - 1 PER PAGE
1 Pg   EXHIBIT 008   DANIELLE AUSTIN AFFIDAVIT 11-01-18
1 Pg   EXHIBIT 009   TRINDLE LEE JONES AFFIDAVIT 11-01-18
1 Pg   EXHIBIT 010   PICTURE OF 2 LAPTOPS & POWER CORD THAT WORKS FOR BOTH
1 Pg   EXHIBIT 011   (PIC) ZMODO W/ POWER CORD
1 Pg   EXHIBIT 012   WD HDD (EXTERNAL) (PIC)
1 Pg   EXHIBIT 013   ASUS LAPTOP W/ POWER CORD (PIC)
1 Pg   EXHIBIT 014   SECURITY SYSTEM HDD DVR (PIC)
1 Pg   EXHIBIT 015   ACTION IN COURT DATED 9-27-18

32 PAGES IN TOTAL

ii

THIS IS A GRIEVANCE / COMPLAINT ABOUT
THE CAPTAIN OF THE BAY CO. JAIL (TROY STEWART) DENYING
ME ACCESS TO COURT ORDERED DISCOVERY IN HIS
(THE CAPTAIN'S) CONTROL AND POSSESSION. CAUSING THEODORE VISNER

CIRCUIT COURT
CASES
17-10629
17-10630
17-10631
17-10632

TO BE FOUND GUILTY ON 12 FELONY COUNTS

DATE OF GRIEVANCE: 10-30-18

ON SEPTEMBER 27, 2018 HON. HARRY P. GILL SIGNED
AN ORDER [COPY ATTACHED] TITLED "ORDER ALLOWING DEFENDANT
ACCESS TO ITEMS IN BAY CO. JAIL".

AS THE ORDER STATES, THE COURT CONSULTED WITH
THE BAY CO. SHERIFF DEPARTMENT AND ORDERED THE
FOLLOWING:

• THAT AT APPROPRIATE TIMES AND AT A PLACE TO
BE DESIGNATED BY JAIL PERSONNEL, DEFENDANT
SHALL HAVE ACCESS TO THE FOLLOWING ITEMS
WHEN HE IS PREPARING HIS CASE:

— ITEM 24: ASUS COMPUTER          — ITEM 25: WD HDD (EXT)
— ITEM 100: ASUS LAPTOP COMPUTER  — ITEM 26: SEAGATE HDD (EXT)
— ITEM 86: NIKON DIGITAL CAMERA   — ITEM 46: SAMSUNG CELL PHONE
— ITEM 47: iPHONE 6               — ITEM 64: RADIO / HDD
— ITEM 50: iPHONE 5 (WHITE)       — ITEM 97: ZMODO 500GB HDD

CAPTAIN STEWART REFUSED TO COMPLY WITH THIS COURT ORDER.
CAPTAIN TROY STEWART NOT ONLY DENIED THEODORE
VISNER ACCESS TO THIS DISCOVERY/EVIDENCE BUT ALSO INSTRUCTED
AND ORDERED THOSE UNDER HIS COMMAND TO DO THE
SAME.

ITEMS 24 AND 100 AND 86 AND 47 AND 50
ALL CONTAINED EVIDENCE FOR MY DEFENSE BUT COULD
NOT BE USED BECAUSE I, THEODORE J. VISNER

② Pg 1 OF 6

WAS NEVER ALLOWED ACCESS TO IT AS
ORDERED BY THE COURT ON SEPTEMBER
27, 2018.

THEODORE JOSEPH VISNER HAS BEEN A PRISONER
AT THE BAY CO. JAIL FROM AUGUST 8, 2018
AND IS STILL A PRISONER CURRENTLY AS OF
10-30-18 TO THE - 12-08-18

ON FRIDAY - OCTOBER 26, 2018 VISNER FACED
A JURY AND WAS FOUND GUILTY BECAUSE THE
EVIDENCE TO SUPPORT HIS CASE WAS DENIED
HIM BY CPT. TROY STEWART - CAPTAIN OF THE
BAY COUNTY JAIL.

NO LESS THAN 40 REQUESTS WERE MADE
BY VISNER TO THE JAIL ADMINISTRATION TO
BE ALLOWED ACCESS TO THIS PROPERTY AS
ORDERED BY THE COURT BETWEEN SEPTEMBER
27, 2018 AND OCT 20, 2018 AND THESE REQUESTS
WERE COMPLETELY IGNORED OR I WAS TOLD THAT
I HAD TO DEAL DIRECTLY WITH THE CAPTAIN ON
MATTERS REGARDING MY PROPERTY BUT STEWART IGNORED ME COMPLETELY.

THIS DEFENDANT MAY HAVE BEEN ACQUITTED OF ALL CHARGES
ON 10-26-18 HAD HE BEEN ALLOWED TO ACCESS THIS
PROPERTY DUE TO ITS EVIDENTARY VALUE TO THE DEFENSE.

VISNER WAS FOUND GUILTY FOR HIS INABILITY
TO PROVE THAT HE WAS A LICENSED CAREGIVER AND
THIS PROOF WAS ON THE EQUIPMENT THAT CAPTAIN STEWART
KEPT FROM VISNER.

*(left margin, written vertically):* CAPTAIN TROY STEWART'S REFUSAL TO FOLLOW THIS COURT ORDER DEPRIVED VISNER OF HIS RIGHT TO DEFEND HIMSELF AND THE RIGHT TO DUE PROCESS.

PG 2 OF 6

THE JAIL STAFF HERE HAS TOLD ME THAT THIS JAIL DOESN'T HAVE OFFICIAL GRIEVANCE FORMS AND THAT WRITING THIS OUT LIKE THIS IS MY ONLY OPTION. I KNOW THAT THIS IS NOT TRUE AND IS MEANT TO TAKE MY GRIEVANCE OUT OF THE NORMAL CHANNELS SO THAT IT CAN BE IGNORED SO MY ISSUES MAY BE FORGOTTEN AS I ROT IN PRISON FOR THE REST OF MY LIFE.

JAIL STAFF HAS ALSO TOLD ME THAT CAPTAIN TROY STEWART HAS DIRECTED THE SARGENTS HERE TO KEEP ME FROM GETTING MY FEDERAL MAIL. I HAVE CONFIRMED THAT A SGT. MARTIN INTERCEPTED FEDERAL MAIL AND INSTEAD OF GIVING IT TO ME — PUT IT IN A ROOM WHERE I COULD NOT GET IT OR KNOW THAT IT WAS HERE. THIS WAS PRIORITY MAIL SENT FROM DANIELLE AUSTIN WITH DELIVERY STATUS NOTIFICATION.

CPT. STEWART TOLD ME THAT I WOULD NEVER GET TIME WITH MY PROPERTY AND HE WASN'T KIDDING.

SGT. SARGENSON TOLD ME THAT I WOULDN'T EVER GET ACCESS TO MY PROPERTY HERE IN THE JAIL UNTIL I SHOWED HIM THE COURT ORDER [ATTACHED]. AFTER GIVING A COPY OF THE COURT ORDER TO SGT. SARGENSON HE TOOK THE ORDER SERIOUSLY ON SATURDAY OCT 20, 2018 AND WENT ON A HUNT FOR THE PROPERTY LISTED. IN ADDITION TO HIS OTHER DUTIES AS THE WEEKEND COMMANDING OFFICER OF THE JAIL HE FINALLY TRACKED MY PROPERTY DOWN TO WHERE SEIZED GUNS AND EXPENSIVE PROPERTY IS

KEPT IN THE LARGER OF THE TWO PROPERTY
HOLDS ON THE MAIN LEVEL OF THE BUILDING.
SGT. SARGENSON WAS FINDING AND MAKING ALL
THE PREPARATIONS TO EITHER GET ME IN CONTACT
WITH MY PROPERTY OR TO ALLOW ME TO FACILITATE THROUGH
HIM THE TRANSFER OF ALL MY PROPERTY TO DANIELLE AUSTIN
ON SATURDAY OR SUNDAY. SGT. SARGENSON THEN
10-20-18        10-21-18
WENT OUT OF HIS WAY TO APOLOGIZE FOR NOT UNDERSTANDING
THE SCOPE OF THE COURT ORDER AND TO LET ME KNOW
THAT HE WOULD MAKE SURE THAT BEFORE THE END OF HIS
SHIFT ON SUNDAY THAT HE WOULD MAKE SURE DANIELLE
AUSTIN WOULD GET THIS PROPERTY SO MY EVIDENCE COULD BE USED.
ALL OF THESE DETAILS WERE EXPRESSED OVER THE
MONITORED AND RECORDED JAIL HOUSE PHONE AND SGT.
SARGENSON ENDED UP SUSPICIOUSLY NOT WORKING ON SUNDAY
PREVENTING THE TRANSFER OF THIS EQUIPMENT THAT
CONTAINED THE EVIDENCE NEEDED FOR MY DEFENSE.

THIS DOCUMENT WOULD BE NOTARIZED EXCEPT FOR
THE FACT THE NOTARY AND THE NOTARY'S SCHEDULE
AND DUTIES ARE DEFINED BY CAPTAIN STEWART. I AM
COMPETENT TO TESTIFY AND WILL TESTIFY TO THE TRUTH
AND ACCURACY OF THE INFORMATION CONTAINED HEREIN
UNDER PENALTY OF PERJURY AS DEFINED IN MCL 750.423.
CAPTAIN TROY STEWART HAS MADE THE CLAIM THAT
BECAUSE "MY PEOPLE" DIDN'T BRING ME POWER CORDS THAT
HE HAD NO OBLIGATION TO CONFORM TO THE ORDER.

⑥

Pg 4 of 6

HOWEVER WHEN THE PROPERTY WAS TURNED OVER
TO DANIELLE AUSTIN ON THE LAST DAY OF MY
10-26-18
TRIAL WHEN THE JURY WAS OUT FOR DELIBERATIONS
DANIELLE AUSTIN AND A WITNESS CONFIRMED THAT THE
EQUIPMENT COMPUTER HAD IT'S POWER CORD WITH IT ALREADY
AND THAT IT STILL HAD A 20% CHARGE ON THE BATTERY
AND DIDN'T NEED A POWERCORD TO ACCESS THE
EVIDENCE I NEEDED TO DEFEND MYSELF AT TRIAL.

ON ONE OF THE DAYS I WAS IN A MAX
BLOCK CAPTAIN STEWART CAME TO ME FOR
A VISIT. IT WAS NEAR SEPTEMBER 12-18 OR
ABOUT A WEEK BEFORE THE WRITTEN ORDER. [ATTACHED]
CPT. STEWART TOLD ME THAT HE UNDERSTANDS WHAT
WAS DISCUSSED WITH HIM BY JUDGE GILL IN THE
TIME BETWEEN THE ORDER WAS DISCUSSED IN
COURT 10-14 DAYS BEFORE THE ACTUAL
ATTACHED ORDER WAS WRITTEN - DATED 9-27-18.
CAPTAIN STEWART TOLD ME THAT HE HAD GATHERED
UP ALL MY EQUIPMENT AND HAD IT IN A TOTE
AND THAT HIS IT GUYS WERE THE BEST AND
WOULD PROVIDE ME WITH ANY POWER CORDS I
NEEDED.
FOR THE RECORD, PROPERTY ITEMS 24 AND 100
ARE COMPUTER LAPTOPS BELONGING TO ME, THEODORE
VISNER AND THESE TWO COMPUTERS WERE KNOWINGLY TO THE
JAIL THE COURT, THE PROSECUTION AND MYSELF —
CRITICAL TO MY DEFENSE.

① PG 5 OF 6

THE SAME DAMAGES I'VE INCURRED IN MY CRIMINAL TRIAL WILL ALSO OCCUR IN THE CIVIL ACTION AGAINST MY PROPERTY.

AS THIS OFFICIAL GRIEVANCE IS GOING

By THE JAIL AND

TO BE STEERED AWAY FROM THE NORMAL CHANNELS

OUTSIDE MY CONTROL, IT WILL BE SENT OUT

IN DIFFERENT WAYS TO HOPEFULLY OVERCOME THE

OPPRESSIVE FORCES HERE IN BAY COUNTY MICHIGAN.

BY MY SIGNATURE BELOW I AM ATTESTING

TO THE TRUTH AND ACCURACY OF THE INFORMATION

CONTAINED HEREIN AND THAT I AM COMPETANT TO

TESTIFY AS TO THE TRUTH AND ACCURACY OF THE STATEMENTS

OF FACT IN THIS GRIEVANCE.

PREPARED BY,

10-31-18
DATE:

THEODORE JOSEPH VISNER
BAY CO. JAIL ⟨84878⟩
503 3RD ST
BAY CITY, MI
48708

Jodi Wood
Notary Public, Lapeer Couty, Michigan
My Commission Expires 10/28/2021
Acting in the County of Bay

10-31-18
Jodi Wood

*2 Pg Grievance Exhibit 001*

STATE OF MICHIGAN
IN THE 18th CIRCUIT COURT FOR THE COUNTY OF BAY

PEOPLE OF THE STATE OF MICHIGAN,

               Plaintiff,

vs

                            Case Nos.  17-10629-FH
                                         17-10630-FH
                                         17-10631-FH
                                         17-10632-FH

THEODORE JOSEPH VISNER,
               Defendant.
_____/

### ORDER ALLOWING DEFENDANT ACCESS TO ITEMS IN BAY CO JAIL

Following a hearing on September 27, 2018 and following this Court's consultation with undersheriff Chris Mausolf, the Court orders as follows:

- That at appropriate times and at a place to be designated by jail personnel, Defendant shall have access to the following items when he is preparing his case:

    - Item 24: ASUS computer
    - Item 25: WD external hard drive
    - Item 26: Seagate external hard drive
    - Item 47: iPhone6
    - Item 46: Samsung Silver Cell Phone
    - Item 50: White Apple iPhone5 with cracked screen
    - Item 64: Radio/TV/VCR hard drive
    - Item 86: Nikon camera
    - Item 97: Zmodo hard drive 500 GB camera
    - Item 100: ASUS laptop computer Serial #D6N0C4637870254

- Necessary power cords and chargers for the above listed items may be brought to the jail and Defendant will be allowed access to them under the above listed conditions.

- Wireless capability on phones/devices shall be disabled to prevent communication outside of the appropriate channels while Defendant is in

*Pg 1 of 2*

*Order of 18th Circuit Court Pg 1 of 2*

custody.   Verification shall be provided to the jail administration.

IT IS SO ORDERED.

Dated:   September 27, 2018

_____
Hon. Harry P. Gill (P26321)
18th Circuit Court Judge

cc: Theodore Visner c/o Bay County Jail
Bay County Prosecutor
Bruce Mannikko, stand-by counsel

Pa 2 of 2

*GRIEVANCE EXHIBIT #E 002*

UNCLASSIFIED//LAW ENFORCEMENT SENSITIVE

# OFFICER SAFETY CAUTION

Phone (547) 243-4977
markmy@michigan.gov

This is for informational purposes only and should not be classified as intelligence-based solely on this report

## June 30, 2016

### DESCRIPTION

//OFFICER SAFETY CAUTION//



| | |
|---|---|
| Name: | Theodore Joseph Visner |
| DOB: | 04/13/1967 |
| R/S: | W/M |
| HT/WT: | 6'0"/225 lbs |
| LKA: | 856 W Cody Estey Rd, Pinconning, MI |
| SSN: | 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 |
| DLN: | MI V256792441288 |
| SID: | 4663255J |
| FBI: | 653331HC0 |

*THIS IS PROPAGANDA TO CREATE BIAS AGAINST VISNER*

**Narrative:** Theodore Visner has been identified as a possible domestic extremist with violent tendencies. Visner was denied a concealed pistol license in Isabella County. Visner is a well known anti-government individual with a large social media presence. Visner's recent postings include videos regarding interactions with DHS and child protection services personnel. Within the videos, Visner refers to CPS activity as "terrorism" and advocates for people to retaliate against the activity. Visner has a history of threatening behavior including threatening to shoot police over an eviction dispute, threatening a child services worker over the phone, and posting malicious and slanderous messages on various media outlets regarding members of the Isabella County Sheriff's Office and county officials.

Officers should exercise due caution when approaching this individual.

*THIS IS WRONG ON EVERY LEVEL AND IS ANONYMOUS SLANDER.*

*WHO WROTE THIS?*

*ANONYMOUS SLANDER!*

UNCLASSIFIED//LAW ENFORCEMENT SENSITIVE

This information is being provided to you by the Michigan Intelligence Operations Center for Homeland Security (MIOC). This document is the property of the MIOC and is prepared for the limited purpose of information sharing. This information is designated U//LES and is shared in confidence. This document must not be reclassified in any way, in whole or in part. Release to the media of any information in this document is prohibited. Information may be exempt from public release under the United States Freedom of Information Act (5 U.S.C. 551 et seq.), and the Michigan Freedom of Information Act (15.231 et seq.)

Distribution to Non-Law Enforcement entities is restricted without the consent and prior



DEFENDANT'S
EXHIBIT
5

2 pg GRIEVANCE EXHIBIT 003 GOT THIS AT 4:20 ON 9-19-18

# BAY COUNTY PROSECUTING ATTORNEY
## NANCY E. BORUSHKO

<u>Victim's Rights Advocates</u>

Cindy A. Howell
Wendy D. Hoffard
Kristin M. Monaghan

<u>Assistant Prosecuting Attorneys</u>

Jeffrey D. Stroud
   Chief Assistant Prosecutor
Barbara J. Hayward
Margaret A. Leaming
Sylvia L. Linton
Jordan E. Case
Bernard J. Coppolino
Michael A. Huber
Thomas J. Hausman

September 18, 2018

Theodore Visner
Bay County Jail
503 Third
Bay City, MI 48708

Re:   People v THEODORE VISNER
      18th Circuit Court Cases  #17-10629-FH
                                #17-10630-FH
                                #17-10631-FH
                                #17-10632-FH

Dear Mr. Visner:

     Enclosed please find a proposed Order Following Hearing on Motions on September 12, 2018. Be advised that if no written objections to its accuracy or completeness are filed with the court clerk within 7 days after service upon you, the Order shall be submitted to Judge Gill for his signature. See MCR 2.601(B)(3) and MCR 6.001(D).

     Be advised that I have directed that the following items seized during the execution of the search warrant at your residence last month be placed in your property at the Bay County Jail:

- Item 24: ASUS computer
- Item 25: WD external hard drive
- Item 26: Seagate external hard drive
- Item 47: iPhone6

     Also, be advised that I have directed that the following items seized during the execution of the search warrant at your residence last year and which have been held at the Bay County Jail since July 3, 2018 awaiting your pick up be placed in your property at the Bay County Jail:

- Item 46: Samsung Silver Cell Phone
- Item 50: White Apple iPhone 5 with cracked screen
- Item 64: Radio/TV/VCR hard drive





*Got this at 4:20 pm on*
*9-9-18*

# BAY COUNTY PROSECUTING ATTORNEY
# NANCY E. BORUSHKO

**Victim's Rights Advocates**

Cindy A. Howell
Wendy D. Hoffard
Kristin M. Monaghan

**Assistant Prosecuting Attorneys**

Jeffrey D. Stroud
    Chief Assistant Prosecutor
Barbara J. Hayward
Margaret A. Leaming
Sylvia L. Linton
Jordan E. Case
Bernard J. Coppolino
Michael A. Huber
Thomas J. Hausman

- Item 86: Nikon camera
- Item 97: Zmodo hard drive 500 GB camera
- Item 100: ASUS laptop computer Serial #D6N0C4637870254.

*Missing 7 items*
*94 } 3 iphones*
*47*
*48 }*

Very truly yours,

BERNARD J. COPPOLINO
Bay County Assistant Prosecutor

cc:    Judge Harry P. Gill
       Bruce K. Mannikko

BAY COUNTY COURT FACILITY, 1230 WASHINGTON AVE., STE. 768, BAY CITY MI 48708
TELEPHONE (989) 895-4185    FAX (989) 895-4167
TDD [HEARING IMPAIRED] (989) 895-2059



*2 Pg GRIEVANCE EXHIBIT 004*

# STATE OF MICHIGAN
# THE 18th CIRCUIT COURT - BAY COUNTY

PEOPLE OF THE STATE OF MICHIGAN

V.

THEODORE JOSEPH VISNER,
                **Defendant.**

HON. HARRY P. GILL
    17-10629-FH
    17-10630-FH
    17-10631-FH
    17-10632-FH

---

BERNARD J. COPPOLINO (P33577)
Bay County Assistant Prosecutor
1230 Washington, Suite 768
Bay City, MI 48708
989-895-4185

THEODORE JOSEPH VISNER
*In Proper Persona*
856 W. Cody-Estey Road
Pinconning, MI 48226
989-954-2814

---

### THE PEOPLE'S ANSWER TO
### DEFENDANT'S EMERGENCY MOTION FOR RETURN OF PROPERTY
### STOLEN FROM DEFENDANT BY POLICE IN THESE CASES FOR THE
### PURPOSE OF HINDERING THIS DEFENDANT'S DEFENSE IN COURT
### CASES 17-10629, 17-10630, 17-10631, 17-10632 AND 18-10535-FY

NOW COME the People of the State of Michigan, by BERNARD J. COPPOLINO, Bay County Assistant Prosecutor, and answers Defendant's Emergency Motion For Return Of Property Stolen From Defendant By Police In These Cases For The Purpose Of Hindering This Defendant's Defense In Court Cases 17-10629, 17-10630, 17-10631, 17-10632 and 18-10535-FY as follows:

1.    The People first note that this Court has no current jurisdiction over 74th District Court Case #18-10535-FY.

2.    In his Motion Defendant claims that this Court is "in cooperation with the Prosecutor's Office – cheating with everything!" and accuses the Court of "sending cops to [his] home to break [his] glasses blinding [him] and stealing [his] computer. The People categorically deny cooperating with the Court or "cheating" in the prosecution of these cases. The People also categorically deny that this Court had anything to do with execution of the search warrant in August 2018 at Defendant's residence'

*How can COPPOLINO "CATEGORICALLY DENY" ANYTHING ON BEHALF OF THE COURT?*

3.    As best as the People can determine, the purpose of Defendant's Motion is to obtain return of certain items seized by law enforcement at the execution of a search warrant at Defendant's residence in August 2018. The People have already communicated to Defendant by letter dated September 18, 2018 that this writer has

*Pg 1 of 2*



*2/004*

already directed that the following items seized during the execution of said search warrant be placed in Defendant's property at the Bay County Jail:

- Item 24: ASUS computer
- Item 25: WD external hard drive
- Item 26: Seagate external hard drive
- Item 47: iPhone6

Further, as communicated in that letter this writer has also directed that the following items seized during the execution of the search warrant at Defendant's residence last year (and which have been held at the Bay County Jail since July 3, 2018 awaiting him to pick them up) be placed in Defendant's property at the Bay County Jail:

- Item 46: Samsung Silver Cell Phone
- Item 50: White Apple iPhone 5 with cracked screen
- Item 64: Radio/TV/VCR hard drive
- Item 86: Nikon camera
- Item 97: Zmodo hard drive 500 GB camera
- Item 100: ASUS laptop computer Serial #D6N0C4637870254.

WHEREFORE, the People pray that this Court DENY Defendant's Emergency Motion For Return Of Property Stolen From Defendant By Police In These Cases For The Purpose Of Hindering This Defendant's Defense In Court Cases 17-10629, 17-10630, 17-10631, 17-10632 and 18-10535-FY

BERNARD J. COPPOLINO (P33577)
Dated: September 24, 2018                Bay County Assistant Prosecutor

Pg 2 of 2



2/004



# BAY COUNTY PROSECUTING ATTORNEY
# NANCY E. BORUSHKO

*1 PAGE GRIEVANCE EXHIBIT 005*

**Victim's Rights Advocates**

Cindy A. Howell
Wendy D. Hoffard
Kristin M. Monaghan

**Assistant Prosecuting Attorneys**

Jeffrey D. Stroud
   Chief Assistant Prosecutor
Barbara J. Hayward
Margaret A. Leaming
Sylvia L. Linton
Jordan E. Case
Bernard J. Coppolino
Michael A. Huber
Thomas J. Hausmann

October 2, 2018

Theodore Visner
Bay County Jail
503 Third
Bay City, MI 48708

*HAND DELIVERED TO T. VISNER ON 10-4-18 AT A SURPRISE HEARING!*

Re:    People v THEODORE VISNER
       18th Circuit Court Cases  #17-10629-FH
                                 #17-10630-FH
                                 #17-10631-FH
                                 #17-10632-FH

Dear Mr. Visner:

   Be advised that I have directed that the following items seized during the execution of the search warrant at your residence last year be placed in your property at the Bay County Jail along with the other electronic items listged in my letter of September 18, 2018:

- Item 47: Black Apple iPhone 5 (64 GIG)
- Item 48: Black Apple iPhone 5

These items were not previously included in the previous placements as they were password protected and therefore never downloaded.

*THIS DID NOT NULLIFY THE COURT ORDER TO PRODUCE THEM AND ITEM 94 IS STILL MISSING AS OF NOV 1, 2018,*

Very truly yours,

BERNARD J. COPPOLINO
Bay County Assistant Prosecutor

cc:    Judge Harry P. Gill
       Bruce K. Mannikko

---

BAY COUNTY COURT FACILITY, 1230 WASHINGTON AVE., STE. 768, BAY CITY MI 48708
TELEPHONE (989) 895-4185    FAX (989) 895-4167
TDD [HEARING IMPAIRED] (989) 895-2059




16

1/005

SUPPLEMENTAL (SUP.001)          EXHIBIT 006

A SUPPLEMENTAL to

BAY COUNTY JAIL
PRISONER
GRIEVANCE — TV.001

11-02-18

WITNESSES EXIST THAT WILL TESTIFY UNDER OATH THAT WHEN
THIS PROPERTY THAT WAS HELD BY CAPTAIN STEWART WAS TURNED OVER
TO THEM WHILE MY JURY WAS OUT FOR DELIBERATION ON 10-26-18 THAT MY
COMPUTER HAD A POWER CORD AND THAT ONE OF THEM WAS ABLE
TO BE TURNED ON UNDER IT'S OWN POWER AND HAD **20%**
REMAINING ON THE BATTERY. VIDEO AND PICTURES TAKEN AFTER
PROPERTY WAS TURNED OVER BY WITNESSES WITH REGARD
TO THIS PROPERTY, THE CORDS AND % ON BATTERIES.

ADDITIONALLY THERE ARE PROPERTY ITEMS MISSING FROM
WHAT WAS TURNED OVER ON **10/26/18** TO DANIELLE AUSTIN.
THE LIST OF ITEMS THAT WAS CLAIMED BY BERNARD COPPOLINO TO
BE AT THE JAIL IS DIFFERENT THAN THE ITEMS PICKED UP.
BAY CO. SHERIFF DEPUTY **DOYLE** CLAIMED THAT EVERYTHING
BEING HELD WAS BEING TURNED OVER TO DANIELLE AUSTIN
WHICH SHOULD HAVE INCLUDED ALL THE ITEMS IN EXHIBIT 003 AND
EXHIBIT 005 AND LISTED AS FOLLOWS:

① ITEM 24:
② ITEM 25:
③ ITEM 26:
④ ITEM 47:
⑤ ITEM 46:
⑥ ITEM 50:
⑦ ITEM 64:
⑧ ITEM 86:
⑨ ITEM 97:
⑩ ITEM 100:

FROM EXHIBIT 003

① ITEM 47:
② ITEM 48:

FROM EXHIBIT 005

12 PROPERTY
ITEMS IN
TOTAL BUT ITEM
#47 IS LISTED
TWICE.

⑰

ACCORDING TO THE WORK SIGNED BY COPPOLINO, ITEM #47 IS LISTED IN "EXHIBIT 003" AS AN "iPhone 6".

ACCORDING TO THE PAPERWORK SIGNED BY COPPOLINO, ITEM #47 IS LISTED IN "EXHIBIT 005" AS A "BLACK APPLE iPhone 5 (64 GIG)!"

NOTABLY, SIGNIFICANT DISCREPENCIES EXIST IN THE BAY COUNTY ASSISTANT PROSECUTOR'S CLAIMS WITH REGARD TO THEODORE J. VISNER'S PROPERTY THAT VISNER WAS AUTHORIZED TO HAVE ACCESS TO BY COURT ORDER BUT WAS NEVER ALLOWED TO BY CPT. STEWART.

CAPTAIN STEWART'S REFUSAL TO OBEY THE SIGNED COURT ORDER DENIED ME THE ABILITY TO MAKE IT KNOWN TO THE COURT THAT THE PROSECUTOR WAS STILL FAILING TO PRODUCE COURT ORDERED DISCOVERY.

COMMUNICATIONS IN THE JAIL BETWEEN INMATES AND JAIL ADMINISTRATION TAKES PLACE ALMOST ENTIRELY BY "JAIL KITES" DELIVERED/OR NOT BY THE CORRECTIONS OFFICERS THAT MAKE THE ROUNDS EVERY HOUR OR SO. PAGES ___ ARE HAND WRITTEN COPIES OF KITES THAT WERE SUBMITTED TO JAIL ADMIN AND THE DIFFERENT DATES THE KITES WERE WRITTEN AND SUBMITTED TO JAIL STAFF. THE FIRST KITE ON PAGE 20 WAS RE-WRITTEN AND SUBMITTED 6 DIFFERENT TIMES IN THE SAME EXACT FORMAT ON 4 DIFFERENT DATES. I HAVE NOTICED THAT JAIL STAFF IS ON A 12/12 ROTATION SO THAT AT A MINIMUM THERE ARE TWO ADMINISTRATORS WORKING AT DIFFERENT TIMES IN THE SAME 24 HOUR PERIOD AND THIS IS WHY SOME KITES WERE SUBMITTED MORE THAN ONCE PER DAY. KITES WRITTEN AND USED WITHOUT HAVING HAND MADE COPIES HAVE ABSOLUTE ZERO ACCOUNTABILITY. HAND COPIED KITES AREN'T MUCH BETTER UNLESS YOU NOTICE THE JAIL STAFF AS TO WHAT YOU ARE DOING. I DID LET THE JAIL STAFF KNOW THAT ALL MY KITES WERE BEING CREATED IN DUPLICATE FOR MY RECORDS NEAR THE END OF SEPTEMBER. IN THE PROPERTY TURNED OVER TO DANIELLE AUSTIN — SHE USED THE POWER CORD THAT WAS WITH THE ONE COMPUTER TO

PAGE 2 OF 3

CHARLIE AND USE THE 2ND LAPTOP COMPUTER AND
BOTH ASUS LAPTOP COMPUTERS WERE KEPT FROM
(ME) THEODORE J. VISNER BY CAPTAIN TROY
STEWART AND BY HIS DIRECTION TO THE BAY CO.
JAIL STAFF.

DANIELLE AUSTIN INFORMED ME IN THE JAIL ON
11-01-18 THAT THE PROPERTY SHE PICKED UP FROM DEPUTY
DOYLE AT THE BAY CO. JAIL WAS MARKED ENTIRELY
DIFFERENT THAN THE PROPERTY IS REFERRED TO BY
BERNARD COPPOLINO AND THE PROSECUTION. DANIELLE
AUSTIN ALSO CONFIRMED ON 11-01-18 THAT
THEODORE VISNERS 64 GIG iPhone WAS NOT TURNED
OVER TO HER WITH EVERYTHING ELSE. THIS WAS
CONFIRMED IN COURT ON 11-2-2018 WHEN DANIELLE AUSTIN
WAS SWORN IN AND TESTIFIED UNDER OATH THAT THE
64 GIG iPhone WAS NOT TURNED OVER TO HER ON
OCT 26, 2018.

PREPARED BY

THEODORE JOSEPH VISNER                    11-2-18
                                          DATE

(19)                    PG 3 OF 3

FRONT          BACK          EXHIBIT 007



10-2-18
TED's COPY

JAIL ADMIN

REQUEST TIME WITH PROPERTY FOR INVENTORY AND INSPECTION WITH A JAIL ADMIN

SUBMITTED RECORDS

| DATE | QTY SENT |
|------|----------|
| 10-1-18 | 1 |
| 10-2-18 | 11 |
| 10-3-18 | 11 |
| 10-9-18 | 1 |

INSIDE

INITIALLY

BEFORE I AM TOLD I HAVE A BOX OF JUNK I CAN SPEND TIME WITH, I NEED TO HAVE TIME WITH NON BIASED JAIL STAFF ADMIN TO REVIEW, INSPECT AND INVENTORY MY PROPERTY FOR IT'S PHYSICAL AND OPPERATIONAL CONDITION. THIS WILL PROTECT BOTH MY INTERESTS AND THE JAIL'S INTERESTS.

THANK YOU
T. VISNER

ACTUAL SIZE COPIED FROM ORIGINAL BY HAND IN JAIL BY T. VISNER ON NOV 1, 2018

⑳   JAIL KITES   PAGE 1 of 5



FRONT

BACK

TBD's COPY
10-9-18

WELL ISN'T
THIS FUN!

I HAVE MORE THAN 20
KITE REQUESTS to
SPEND TIME WITH
MY PROPERTY AND
HAVE YET
TO SPEND A
SINGLE MINUTE WITH

JAIL
ADMIN
CPT. TROY

SENT | TIMES
10-9-18 | 1
10-10-18 | 11

NEVER A REPLY

INSIDE

IT AS ORDERED BY THE COURT

WHY?

WHY CAPTAIN STEWART?

ACTUAL SIZE
COPIED FROM
ORIGINAL BY
HAND IN JAIL
BY T. VISNER
ON NOV 1, 2018

T. VISNER

㉑

JAIL KITES          PAGE 2 of 5

FRONT

BACK



10-11-18
(TED'S COPY)

JAIL ADMIN STEWART

AS I HAVE
BEEN
REQUESTING
FOR WEEKS.

10-11-18
10-12-18

INSIDE

I NEED TIME WITH MY PROPERTY TO
INVENTORY MY PROPERTY TO INSPECT
MY PROPERTY. THIS REQUEST HAS
NOTHING TO DO WITH MY POWER CORDS
FOR THE SAME EQUIPMENT.

ACTUAL SIZE
COPIED FROM
ORIGINAL BY
HAND IN JAIL
BY T. VISNER
ON NOV 1, 2018

T. VISNER

22

JAIL KITES                    PAGE 3 OF 5



FRONT

BACK

10-14-18

JAIL
ADMIN
AND
LT/STEWART

10-14-18 | 1
10-15-18 | 11

AS I HAVE BEEN
REQUESTING FOR
WEEKS - AS YOUR
PRISONER
ATTEMPTING TO
DEFEND MYSELF—

INSIDE

I NEED TIME WITH MY PROPERTY TO
INVENTORY MY PROPERTY AND TO INSPECT
MY PROPERTY, THIS REQUEST HAS NOTHING
TO DO WITH POWER CORDS FOR THE
SAME EQUIPMENT.
   I HOPE YOU HAVE A REALLY GREAT
REASON FOR DENYING ME COURT ORDERED
ACCESS TO MY EQUIPMENT
      IN YOUR CARE!

                           T. VISNER

ACTUAL SIZE
COPIED FROM
ORIGINAL BY
HAND IN JAIL
BY T. VISNER
ON NOV 1, 2018

23)

JAIL KITES   PAGE 4 OF 5

FRONT

BACK



10-14-18
T60'S COPY

SGT
OLIVER

THE COMMANDER OF
THIS FACILITY IS
WORKING TO BRING
ME HARM.
CONTRARY TO ORAL
ORDERS OVER 30 DAYS
OLD AND WRITTEN
ORDERS NEARLY
AS OLD-

10-14-18        1

10-15-18        1

NEVER HEARD FROM
OLIVER OR ANYONE ...

INSIDE

CAPTAIN STEWART HAS BEEN
DENYING ME ACCESS TO MY EQUIPMENT
CONTRARY TO ORDERS BY THE COURT.
    CAPTAIN STEWART IS DENYING ME
THE ABILITY TO DEFEND MYSELF.
    CAPTAIN STEWART IS ALLEGED TO HAVE
SENT EMAIL TO SGTS & C/OS TELLING THEM
TO INTERCEPT MY FEDERAL MAIL AND KEEP
THIS MAIL FROM ME. THESE ACTS
ARE CRIMES AGAINST ME.
        COME SEE ME —    T. VISNER

ACTUAL SIZE
COPIES FROM
ORIGINAL BY
HAND IN JAIL
BY T. VISNER
ON NOV 1, 2018

(24)

JAIL KITES        PAGE 5 OF 5

GRIEVANCE   EXHIBIT 008

# AFFIDAVIT

As a resident in the county of ___Bay___ within the state of ___Michigan___,
___Danielle Austin___ personally approached me, the undersigned Notary, and
made his/her sworn testimony in a general affidavit, that the following statement is
completely factual and true to the best of his/her belief and knowledge.

| Statement: |
| --- |
| I Danielle Austin of 856 West Cody Estey Rd. Mt. Forrest Township, Pinconning MI 48650 hereby certify that on October 26th ,2018 David Chandler and I went to the Bay County Sheriff's Department at approximately 12:30 pm. Upon arriving I went to the front desk requesting to receive Theodore Visner's Personal Property. I was met by Deputy Doyle and Theodore's personal property, he stated that we had paper work to sign in order for it to be released to me. He had an itemized list of everything that was being returned to me and we preceeded to go through everything to make sure that everything was there to be turned over to me. There was one paper bag,case No.1810906439 that was sealed unlike the other items that were in clear plastic bags that I requested to open in front of the deputy so I could visibly see what was actually in the bag and he agreed that that would be fine. Upon opening it there was a Asus laptop computer and a external hard drive. I then carried the poperty to David chandlers vehicle where it stayed till he dropped me back at my house and set the property on the desk in the garage untouched till I brought it into the house at Approximately 8:30 that same evening. |
| |
| Upon bringing the property into the house I proceeded to do a video recording of Thoedore Visner's personal property with Trindle L. Jones as witness. I went through each Item one by one. One Item in particular, BNT-0000236-2017-0100 caught my eye as it was Theodore Visners Other laptop computer in a sealed clear bag that did have a power cored with it. I asked Trindle if he would open the bag while I was filmng and pull out the laptop and cord and open the computer to see if it would turn on and it did. In the evidence I obtained from the sheriffs department there was in fact two Asus laptop computers and one power cord that worked with both computers. |
| |
| I certify that this is a true and accurate statement to the best of my knowledge. |

**Affiant Signature:** _Danielle Austin_

**Date Signed:** the ___1st___ of ___November___ 20 ___18___

Sworn and subscribed to before me on this day, ___1st___ of ___November___ 20 ___18___

_Deborah S Ancel_
**Notary Public**

Deborah S Ancel
Notary Public, Arenac County, Michigan
My Commission Expires: June 28, 2019
Acting in ___Bay___ County, Michigan

(25)

AFFIDAVIT

GRIEVANCE EXHIBIT 009

# AFFIDAVIT

As a resident in the county of Bay _____ within the state of Michigan _____ ,
Trindle Lee Jones _____ personally approached me, the undersigned Notary, and
made his/her sworn testimony in a general affidavit, that the following statement is
completely factual and true to the best of his/her belief and knowledge.

Statement:

I, Trindle Lee Jones of 856 West Cody Estey Road Pinconning MI 48650, hereby swear
that on Oct 26, 2018, I assisted Danielle Austin in producing a video of our opening of
evidence bags related to the two BAYANET raids on our home.

As evident in the video, all the bags were contained in a "Bankers Box", marked Tag No:
P18000127-1 and Case No:1810906146.

While opening the various bags we opened one paper bag, marked Tag No: P18-162-
1,that included an Asus laptop, marked BNT-0000224-2018-0024 and Case
No:1810906439.

In another plastic bag marked BNT-0000236-2017-0100, We found the computer and
power cord as described on the label.

The power cord works with both computers.

**Affiant Signature:** _____

**Date Signed:** the __1st__ of __November__ 20 __18__

**Sworn and subscribed to before me on this day,** __1st__ of __November__ 20 __18__

_____
**Notary Public**

Deborah S Ancel
Notary Public, Arenac County, Michigan
My Commission Expires: June 28, 2019
Acting in ___Bay___ County, Michigan

(26)

AFFIDAVIT

GRIEVANCE EXHIBIT 010



GRIEVANCE
EXHIBIT
011

(27) PROPERTY



GRIEVANCE EXHIBIT 011



GRIEVANCE
EXHIBIT
O12

GRIEVANCE EXHIBIT 013



EXHIBIT
013

(30)

GRIEVANCE
EXHIBIT
014



ITEM 64   W/POWER CORD!
RADIO /TV/VCR  HARD DRIVE

31

ACTION IN COURT - CRIMINAL

STATE OF MICHIGAN   18TH JUDICIAL CIRCUIT   EXHIBIT 015

## ACTION IN COURT

| | | |
|---|---|---|
| Defendant: Visner, Theodore Joseph | DEPTY: Yannukles - Stand-by Counsel<br>T. Visner - IPP | CASE NO: 10630- FH<br>17-10631-FH<br>17-10632-FH |
| Recorder JM | Recording No. 13426 | PROS. B. Coppolino | DATE 9-27-2018 |

| | | |
|---|---|---|
| ☐ Plea<br>☐ Sentencing<br>☐ Jury Trial (W/H)<br>☐ Probation Violation<br>☒ Other: Motions<br><br>☒ Deft. present<br>☐ Deft. did not appear | **Verdict/Plea** ☐ Amended Info<br>Count:<br>1. _____ 5. _____<br>2. _____ 6. _____<br>3. _____ 7. _____<br>4. _____ 8. _____<br>☐ HOA: _____<br>☐ Probation revoked | Bond: _____ CONDITIONS: ☐ DNA ☐ Fingerprints<br>☐ 511 Assessment ☐ Cooperate w/Probation Dept. OTHER: _____<br>VOP Plea Date: _____ at _____ AM/PM<br>VOP Hrg. Date: _____ at _____ AM/PM<br>Sentencing: _____ at _____ AM/PM<br>☐ Waived counsel ☐ Referred OAC ☐ Trial dates adjourned<br>☐ Remanded to custody ☐ Released |

**PROBATION:** ☐ Reinstated ☐ HYTA ☐ Delay ☐ 7411
Term: _____ Years   Extended to expire: _____
         Extended additional: _____ year(s)
Fine $_____ Costs $_____ Restitution $_____
at $_____/month starting _____ ☐ 30 days from release
Supervision Fee $_____ at $_____ per month
Drivers License suspended/revoked for _____
  ☐ Eligible for restricted license per statute
Probation agent present: _____

☒ Crime Victim Assessment and State Costs - per statute
Jail: _____ days starting _____ w/credit for _____ days
served. _____ days deferred to _____ / further order.
Release: ☐ Work ☐ School ☐ Inpatient when bed available
☐ EM _____ days ☐ Subs. abuse counseling In/Out Patient ☐ G.E.D.
☐ Drug/Alcohol Testing ☐ S.A.I. ☐ Tri-Cap ☐ Zero Tolerance
☐ Comm. Service _____ days/hours ☐ AMH ☐ Anger Management
☐ No contact with: ☐ Victim(s) ☐ Co-defendant(s)
☐ No alcohol/drugs/intoxicants
**ADDITIONAL TERMS IN WRITTEN ORDER**

**PRISON/JAIL**   MINIMUM   MAXIMUM

_____
_____
_____
_____

☒ Crime Victim Assessment/State Costs – Per Statute
Credit for _____ days   ☐ No objection to S.A.I.
Concurrent to: _____
Consecutive to: _____
Fine $_____ Costs $_____ Restitution $_____

**NOTES/FURTHER ORDERS:**
☐ Counsel/deft. consent to sentencing by a different judge.
☐ DNA ordered ☐ Fingerprints ordered
☐ Protective Conditions Bond CANCELLED

| Motions heard | Result |
|---|---|
| Def. Emergency Motion For Return of Property Stolen from Defendant etc. | _____ |

Court orders that def can have access to his property @ jail when he is working on his case @ the jail. Court will issue order

SO ORDERED: _____

P# 26321

_____ CIRCUIT JUDGE

Court Order

32

| |
|---|
| Bench warrant to be removed from LEIN.<br>Copy sent via fax to Bay County Sheriff<br>Dept. on _____ by _____ |

EXHIBIT 002

APPEAL TO NSC
2ND APPEAL - The Penal Issues
① 1st - Unconstitutional Order
② 2nd - CCA Failure to Offer
   Time to Cure Deficiencies

APPEAL ISABELLA EVICTION

Re-DO 2ND APPEAL IN TOTAL w/ BRIEF
   w/Notes for Dispute Constitutional
   w/Notes for Stay

① NEW RFA Weapons

② MOVE TO DISMISS
   BRADY VIOLATIONS

★ PROSECUTOR Refused Discovery

① Notice of SPECIAL APPEARANCE
   MANIKKO w/ Respondent Law

② JURISDICTIONAL CHALLENGE

③ RFM Change 180 P.O 150

② NOTICE TO MSP
   Notice to challenge
   Summons &
   Served On

① Notice to ... Complaint ...

Constitutional...

EXHIBIT 003

Keep a
Journal
Witness Notes

Every Motion should have

① Motion to Lift Bond Conditions
Two Appeal Briefs
to Do

② Order to Obtain Counsel × 3
②a MSP - OSC
②b Mini Rea -
Motion to Impeach Witnesses
w/ Affidavit

④ Requests Bruce's Stuff Don't sign filed

⑤ Schedule Motion Hearings

⑥ Motion to Strike the Complaint Aug 2015

⑦ Motion to Strike Warrant's Affidavit

M... to Dismiss Forged Order (District Court)

John Rundell

Request
Transcripts for Appeal
6-26-18 Hearing

Unsubmitted Accont
Follow up

Those Claiming
I'm not approved
Must prove
ICM

SWORN
AFFIDAVIT OF TRUTH

OCT 2. 2018
DATE

I, THEODORE JOSEPH VISNER, SWEAR AND ATTEST to THE TRUTH AND ACCURACY OF THE INFORMATION CONTAINED HEREIN UNDER PENALTY OF PERJURY.

(1) YOUR AFFIANT STATES
THAT ON OCTOBER 2, 2018 AT ABOUT 11:25PM THAT THE ATTACHED DOCUMENT (1-PAGE HANDWRITTEN ON BOTH SIDES) WAS GIVEN TO CORRECTIONS OFFICER WITH THE NAME "DANIELS" ON A PATCH OVER HIS RIGHT BREAST POCKET FOR DELIVERY TO JUDGE GILL'S OFFICE AS DIRECTED ON THE DOCUMENT'S REAR FACE. "EXHIBIT A"

(2) YOUR AFFIANT FURTHER STATES THAT C/O DANIELS RETURNED TO YOUR AFFIANT'S CELL IN DORM F AND INSISTED YOUR AFFIANT TAKE BACK THE DOCUMENT AT ABOUT 11:30PM CLAIMING THAT "HE DOESN'T DO THIS".

(3) YOUR AFFIANT HAD NO CHOICE, AS A PRISONER IN THE FACILITY, BUT TO TAKE THE DOCUMENT BACK FROM C/O DANIELS.

(4) THIS STUBBORN OPPOSITION TO MY PARTICIPATION IN MY DEFENSE WHILE BEING HELD PRISONER AT THE BAY COUNTY JAIL IS TYPICAL.

(5) YOUR AFFIANT CLAIMED IT A BLESSING TO HAVE A REAL CHAIR IN THE DORM ON 9-30-18 AND/OR 10-1-18 AND ON 10-2-18 THE SAME CHAIR WAS REMOVED FROM DORM F.

(6) YOUR AFFIANT HAS AND CLAIMS THE RIGHT TO BE CONSIDERED AND TREATED INNOCENT UNTIL PROVEN GUILTY

PAGE 1 OF 2 PLUS EXHIBIT (1PG)

EXHIBIT
004 (3pm)

EXHIBIT
004

⑦ YOUR AFFIANT IS AND HAS BEEN HELD TO THIS "HOSTILE" ENVIRONMENT NOW FROM 8-8-18 THROUGH TODAY, 10-2-18 — 56 CONSECUTIVE DAYS.

⑧ YOUR AFFIANT HAS STILL NOT BEEN INFORMED OF THE CHARGES BY SPECIFICITY REQUIRED IN MCR 6.101.

⑨ YOUR AFFIANT WAS JUST VISITED BY C/O DANIALS AND DANIELS ASKED IF I HAD ANY "PROPER DOCUMENTS FOR THE COURT" FOR HIM TO TAKE AT 2:23 PM AND I SAID JUST THE SAME ONES AND HE LEFT WITHOUT TAKING THEM.

⑨A — DOCUMENT ATTACHED WAS RE-CREATED AND DELIVERED THROUGH C/O JEAN'S /OCT 2, 2018 AT 5:30 PM

⑩ AS OF TODAY YOUR AFFIANT HAS STILL NOT BEEN ALLOWED TO SEE, HAVE OR VISIT ANY PROPERTY AND DIGITAL PROPERTY ORDERED ON MORE THAN ONE OCCASION BE ALLOWED YOUR AFFIANT BY MULTIPLE COURT ORDERS,

⑪ YOUR AFFIANT'S PARTICIPATION IN HIS DEFENSE IS BEING HINDERED IN ABOUT EVERY WAY IMAGINABLE AT TOTAL PREJUDICE TO YOUR AFFIANT.

THIS AFFIDAVIT, CREATED IN JAIL, IS MADE ON MY PERSONAL KNOWLEDGE AND, IF SWORN AS WITNESS, CAN TESTIFY COMPETANTLY TO THE FACTS STATED IN THIS AFFIDAVIT.

YOUR AFFIANT

_Theodore J. Visner_        10-2-18
Theodore J. Visner          DATE

SUBSCRIBED AND SWORN TO ME ON THIS 2ND DAY OF OCT 2018.

_Wendi Garcia_
NOTARY   SIGNATURE

Wendi K. Garcia
Notary Public, Bay County, Michigan
My Commission Expires 4/11/2023
Acting in the County of Bay

PAGE 2 OF 2 PLUS EXHIBIT (1 PG)
AFFIDAVIT

# Grievance Response



To:      Theodore Visner

From:    Captain Troy Stewart

Date:    December 6, 2018

Ref:     Grievance dated Nov. 2, 2108, Received Dec. 5, 2018

Mr. Visner, I re-read through all of the jail kites received from you I have also re-read through each complaint and now grievance that you have provided.  I have chronologically listed the sequence of events during your stay here at the Bay County Jail.

Sept. 27, 2018      Undersheriff Chris Mausolf talked to Circuit Judge Harry Gill about several items seized by BAYANET.  From their conversation I was made aware that the seized items that you requested were now in the Bay County Sheriff's Office evidence room.

The Undersheriff wanted us to make sure all the phones are "disabled" , and "in addition, all power cords are to be dropped off here by whomever Visner makes arrangements with".

Court Ordered:   Case Nos.

17-10620-FH
17-10630- FH
17-10631-FH
17-10632-FH

\*      "Necessary power cords for the above listed items/cases may be brought to the jail and Defendant will be allowed access to them under the conditions put forth in the court order".

\*      "Wireless capability on phones/devices shall be disabled to prevent communication outside of the appropriate channels while Defendant is in custody".

TROY STEWART GRIEVANCE ANSWER Pg 1 of 3

| | |
|---|---|
| Sept. 28, 2108 | Myself along with Sergeant Martin went to inform you (Visner) that prior to you receiving these items we need to verify that the five phones are disabled and to do that you will have to have all of the related power cords dropped off.  At this time you were also made aware that BAYANET had dropped off your property (for three separate charges) to the Bay County Sheriff's Office . |
| | I checked with the evidence officer to see if your things were prepared for you to use.  I was informed that your things were still being inventoried and conjoined with your other property. |
| Oct. 8, 2018 | Checked with the evidence officer to see if any of the power cords Had been dropped off, they had not. |
| Oct. 9, 2018 | Received a kite from you stating "US mail not getting to me".  We Do not hold mail, this complaint was deemed unfounded. |
| Oct. 10, 2018 | Received your kite referencing the needed phones, still no power Cords or proof that the five phones had been disabled.  Plain white Paper was provided to you for your legal preparation. |
| Oct. 11, 2018 | I visited you along with Deputies Durrussel and Jean.  I once again Advised you to have your power cords brought in. |
| Oct. 11, 2018 | The evidence officer and myself inventoried the property seized from The following Bay County Sheriff's Office case numbers:<br><br>1810906563<br>1810906146<br>1810906439 |
| Oct. 12, 2018 | You requested and was given access to your dvd's, a computer and a typewriter. You were also reminded again to have your power cords dropped off so that you could have the rest of your property. |
| Oct. 17, 2018 | I received an invalid WRIT request from you, requesting a court date when one had already been set.  I also received word that per one of your recent phone calls to "Danielle" you told her very specifically not to bring any computer power cords or phone power cords to the LEC you also told her not to bring you clothes for court. |
| Oct. 22, 2018 | You asked Sergeant Sargeson about your equipment held in evidence, again you were told to have the power cords brought in, you efused to have them brought in.  You asked why we couldn't just |

Pg 2 of 3

provide them from IT, I explained to you that we were not going to take on that liability.

Oct. 23, 2018    You requested to work on your case, you were placed in the attorney room with a computer, 10 dvd's, your legal papers, and a typewriter.

Dec. 6, 2018    The Bay County Sheriff's Office has done everything expected of us to provide you with an area to prepare your legal defense and the opportunity to review your seized items.  It was your choice not to have the needed power cords dropped off, it was also your decision to not provide proof that the phones were "disabled".  Your complaint of mail tampering had no justification.  The only exception to mail not being delivered would be on weekends and holidays. we do not hold any inmates mail from them unless it's a security risk, even then you would have been notified.  Your complaints are unfounded.


Grievance denied



_____?_____        _____?_____
   DATE              (WHO ?)

Mrs

HUH?
WHO?
LOL!

Pg 3 of 3

STATE OF MICHIGAN
IN THE 18th CIRCUIT COURT FOR THE COUNTY OF BAY

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff,

vs

Case Nos.   17-10630-FH<br>17-10631-FH<br>17-10632-FH

THEODORE JOSEPH VISNER,
Defendant.

_____/

### ORDER DENYING DEFENDANT'S EMERGENCY MOTION FOR BAIL BETWEEN TRIAL COURT JUDGMENT AND DECISION OF APPELLATE COURT

This matter comes before the Court upon Defendant's *Emergency Motion for Bail Between Trial Court Judgment and Decision of Appellate Court* filed December 19, 2018.   The decision to grant bail pending appeal is within the Court's discretion. MCL 770.8.   The Court has reviewed the motion and the applicable law and has determined that Defendant has not satisfied the criteria for release on an appeal bond.   MCR 7.209; *People v Giacalone*, 16 Mich App 352; 167 NW2d 871 (1969).

Defendant's motion is DENIED.

IT IS SO ORDERED.

Dated:   January 14, 2019

_____<br>Hon. Harry P. Gill (P26321)<br>18th Circuit Court Judge

cc: Theodore Visner (#526348); RGC 3855 Cooper St.; Jackson, MI 49201-7847
Bay County Prosecutor
Bruce Mannikko, stand-by counsel

**AFFIDAVIT**

BAY COUNTY JAIL STAFF DENIES ACCESS TO COURT ORDERED DEFENSE MATERIALS

NOW COMES DEFENDANT IN CASES 17-10629, 10630, 10631 AND 10632-FH-HG AND 18-10535-FY IN PRO PER AS YOUR AFFIANT IN THIS AFFIDAVIT STATING AS FOLLOWS, BEING OF SOUND MIND AND COMPETANT TO TESTIFY TO THE SAME, UNDER OATH AND STATES THE FOLLOWING AS FACT AND TRUTH;

① THE BAY COUNTY JAIL STAFF REFUSED TO ALLOW YOUR AFFIANT COURT ORDERED ACCESS TO HIS COMPUTERS, HARD DRIVES, DIGITAL CAMERA AND CELL PHONES, ALL YOUR AFFIANT'S DIGITAL ELECTRONIC EQUIPMENT IN THE POSSESSION OF THE BAY COUNTY JAIL/SHERIFF'S OFFICE, AT ANY TIME BETWEEN THE COURT ORDER AND THE JURY STARTING DELIBERATIONS AT THE END OF YOUR AFFIANT'S TRIAL ON OCT 26, 2018.

② SEVERAL DOZEN WRITTEN REQUESTS AND SEVERAL DOZEN ORAL REQUESTS BY YOUR AFFIANT TO THE JAIL STAFF WERE MADE BY YOUR AFFIANT DURING THIS SAME TIME AND ALL REQUESTS WERE IGNORED OR YOUR AFFIANT WAS TOLD BY JAIL STAFF THAT ALL REQUESTS HAVING TO DO WITH MY PROPERTY HAD TO GO TO AND BE HANDLED EXCLUSIVELY BY CAPTAIN STEWART.

③ NO LEGITIMATE EFFORT WAS EVER MADE BY CPT. STEWART OR ANY JAIL STAFF TO ALLOW YOUR AFFIANT ACCESS TO THIS EQUIPMENT AND DEFENSE MATERIALS TO WORK ON HIS DEFENSE.

Wendi K. Garcia
Notary Public, Bay County, Michigan
My Commission Expires 4/11/2023
Acting in the County of Bay

SUBSCRIBED AND SWORN TO BEFORE

YOUR AFFIANT,

THEODORE J VISNER          11-27-18
                           DATE

Wendi K Garcia
NOTARY SIGNATURE 11/27/18
ON
DATE

AFFIDAVIT

MICHIGAN JUSTICE LEAGUE
856 W. CODY ESTEY RD
PINCONNING, MI 48650
(989) 954-2814

AUGUST 3?

DEAR CLERK OF THE 18th CIRCUIT COURT,

PLEASE FIND THESE INSTRUCTIONS HERE?
ENCLOSED PLEASE FIND "DEFENDANT'S EMERGENCY M
FOR RETURN OF PROPERTY STOLEN FROM DEFENDA?
BY POLICE IN THESE CASES" FOR THE PURPOSE OF H
THIS DEFENDANT'S DEFENSE IN COURT CASES 17-1?
17-10630, 17-10631, 17-10632 AND CASE 18-1053?
SUPPORTED BY NOTARIZED SWORN AFFIDAVI
NOTICE OF HEARIN?

PLEASE FILE ORIGINAL IN CIRCUIT COURT CASE?
17-10629 AND COPY TO CASES 17-10630, 17-10631, 17-10?
AND PLEASE GIVE A COPY TO THE JUDGE HE
GILL, PROSECUTOR NANCY BORUSHKO AND BRUCE MANNIKKO.
IF YOU HAVE ANY QUESTIONS I CAN BE R?
UPSTAIRS IN THE BAY COUNTY JAIL, CELL BLOCK "S"
"SAM", NOT (S).

THANK YOU!

8-30-18
DATE

THEODORE J. VISNER

PLEASE
ALSO RETURN
COURT FILE ST?
COPY FOR M?
T?

RECEIVED
SEP 0 4 2018
BY:................................

# STATE OF MICHIGAN
# 18th CIRCUIT COURT

PEOPLE OF MICHIGAN
                    PLAINTIFF,

CASE NO: 17-1
           17-
           17-1
           17-

V.

Theodore Joseph Visner
                    DEFENDANT,

HON; HARRY P. G

---

HARRY P. GILL P26321
NANCY BURUSHKO P62575
BERNARD COPPOLINO P
1230 WASHINGTON, AVE
BAY CITY, MI 48708

TED VISNER
PRO PER
PRISONER 848
BAY COUNTY J
503 3RD ST
BAY CITY, MI

---

DEFENDANT'S EMERGENCY MOTION FOR RETURN OF
PROPERTY STOLEN FROM DEFENDANT BY POLICE IN
THESE CASES FOR THE PURPOSE OF HINDERING
THIS DEFENDANT'S DEFENSE IN COURT CASES
17-10629, 17-10630, 17-10631, 17-10632 AND 18-1

THIS EMERGENCY MOTION IS ACCOMPANIED
BY A NOTARIZED SWORN AFFIDAVIT
IN SUPPORT AS ATTACHED "EXHIBIT

NOW COMES DEFENDANT, MORE BATTERED AND ABU
THAN EVER BEFORE, WRITING THIS MOTION ON PAPER
PURCHASED WITH JAIL FOOD ON DEFENDANT'S 23 DAY
CAPTIVITY WITHOUT A PRESENTMENT OF LEGITIMATE
                    CRIMINAL CHARGES
                         1 of 4

THIS COURT HAS ON MANY OCCASSIONS TALKED ABOUT ALL OF IT'S ADVANTAGES YET CONTINUES TO CREATE MORE AND MORE AS IF ALL OF YOUR STATED ADVANTAGES WERE NOT ENOUGH:

IN THIS CASE AND SCHEDULED TO BE HEARD ON Aug 13, 2018 WAS THIS DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CRIME THAT CAN BE PROSECUTED, ALLEGING THIS DEFENDANT DID "SOMETHING UNSPECIFIED" — "CONTRARY TO MCL", IS A SERIOUS MOTION! OBVIOUSLY! AS JUDGE GILL ORDERED HIS STAFF TO CANCEL THIS DEFENDANT'S MOTIONS HEARINGS, AS A CRIMINAL TRESPASS:

IF THIS DEFENDANT IS AT SUCH A DISADVANTAGE, WHY IS THIS COURT, IN COOPERATION WITH THE PROSECUTOR'S OFFICE — CHEATING WITH EVERYTHING!

IF THIS COURT AND THIS COUNTIES ELECTED PROSECUTOR CANT WIN WITHOUT CHEATING, AN "HONORABLE" JUDGE WOULD DISMISS WITH PREJUDICE INSTEAD OF SENDING COPS TO MY HOME TO BREAK MY GLASSES BLINDING ME AND STEALING MY DEFENSE COMPUTER:

PREPARED BY.

_Theodore J. Visner_

_8-30-18_
DATE

# NOTICE OF HEARING

PLEASE TAKE NOTICE THAT AN EMERGENCY
MOTION HEARING HAS BEEN SET FOR THIS
CASE 18-10535-FY-TH ON SEPTEMBER 10, 2018
AT 11:30 PM WITH JUDGE TIMOTHY J KELLY
AT THE BAY COUNTY COURTHOUSE AT 1230
WASHINGTON AVENUE -- BAY CITY, MICHIGAN 48708.

## PROOF OF SERVICE

I ATTEST UNDER PENALTY OF
PERJURY THAT THIS LEGAL
PLEEDING DOCUMENT WAS
SERVED ON THE PARTIES
THROUGH DELIVERY IN PERSON
TO BAY COUNTY JAIL STAFF
ON AUGUST 30. 2018.

8-30-18

THEODORE VISNER

3 of 4

# AFFIDAVIT

EXHIBIT A

8-30-18

I THEODORE JOSEPH VISNER ATTEST TO THE TRUTH AND ACCURACY OF THE INFORMATION CONTAINED HEREIN UNDER PENALTY OF PERJURY.

① POLICE TOOK MY LAPTOP COMPUTER IN RAID ON OCT 11, 2017 ALONG WITH OTHER DIGITAL PROPERTY.

② JUDGE GILL ORDERED A COPY OF DIGITAL PROPERTY BE GIVEN YOUR AFFIANT MONTHS AGO AND THE PEOPLE FAILED OVER AND OVER AGAIN CLAIMING INCOMPETANCE.

③ AFFIANT, NOW REPRESENTING HIMSELF FOR 2 MONTHS OUT OF THE 10 MONTHS OF HIS PROSECUTION IS RAIDED AGAIN ON AUGUST 8, 2018 AND HIS DEFENSE COMPUTER CONTAING YOUR AFFIANT'S ENTIRE LEGAL DEFENSE IS TAKEN/STOLEN BY POLICE BY THE SAME INCOMPETANT POLICE THAT AFTER MONTHS OF WASTED DEFENDANT'S TIME FAILED TO MAKE A TRUE COPY OF THE DEFENDANT/AFFIANT'S DIGITAL PROPERTY. AS ORDERED.

④ YOUR AFFIANT IS AND HAS BEEN SIGNIFICANTLY PREJUDICED BY THE TAKING OF YOUR AFFIANT'S DIGITAL PROPERTY AND TECH HARDWARE ON ALL OF THESE DATES! SEPTEMBER 17, 2015, OCTOBER 11, 2017 AND AUGUST 8, 2018 WITH SPECIAL PREJUDICE WITNESSED AS THE INTENT OF THE TAKING OF BOTH THE DIGITAL PROPERTY AND TECH HARDWARE.

THIS AFFIDAVIT, CREATED IN JAIL, IS MADE ON MY PERSONAL FIRSTHAND KNOWLEDGE AND, IF SWORN AS WITNESS, CAN TESTIFY COMPETENTLY TO THE FACTS STATED IN THIS AFFIDAVIT.

YOUR AFFIANT,

Theodore Joseph Visner

8-30-18
DATE

4 of 4
AFFIDAVIT

NOTARY

Wendi K. Garcia
Notary Public, Bay County, Michigan
My Commission Expires 4/11/2023
Acting in the County of Bay

Wendi K. Garcia
8/30/18

EXHIBIT 008 (2PS)

(NULL PROCEEDINGS
FAILED DISCOVERY)

## AFFIDAVIT OF TRUTH          10-6-18

I Theodore J. Visner, ATTEST to the TRUTH
AND ACCURACY OF THE INFORMATION CONTAINED
HEREIN UNDER PENALTY OF PERJURY.

(1) AS THE NAMED DEFENDANT IN NULL PROCEEDINGS
KNOWN BY CASE FILE NOs: 17-10629, 17-10630,
17-10631 AND 17-10632, ANNOUNCE to MAKE KNOWN
AND PERFECTLY CLEAR THAT AS OF THIS DATE —
OCTOBER 6, 2018 — YOUR AFFIANT — AFTER ELEVEN +
MONTHS OF MALICIOUS PROSECUTION — HAS STILL NOT
RECEIVED COURT ORDERED DISCOVERY FROM
BERNARD COPPOLINO.

(2) AS THE PROSECUTION AND THE COURT KNOWS FULL
WELL THAT THE MOTIONS HEARING DATE Set for September
12, 2018 WAS BASED ENTIRELY UPON YOUR AFFIANT HAVING THIS
COURT ORDERED DISCOVERY AND ADEQUATE TIME, AS
DEFINED BY AFFIANT/DEFENDANT, TO REVIEW IT.

(3) IN ADDITION TO THE PROCEEDINGS BEING NULL
FOR FAILING to PROPERLY CITE A LEGITIMATE CRIMINAL
STATUTE AS REQUIRED BY LAW AND COURT RULE,
THE SCHEDULING ORDER IS EQUALLY NULL FOR
FORCING MOTIONS HEARINGS UPON DEFENDANT WITHOUT
THE OPPORTUNITY FOR DISCOVERY.

PAGE 1 of 2

AFFIDAVIT Pg 1 of 2

THIS AFFIDAVIT CREATED IN JAIL IS MADE ON
MY PERSONAL KNOWLEDGE AND, IF SWORN, CAN
AND WILL TESTIFY COMPETANTLY TO THE FACTS
STATED IN THIS AFFIDAVIT.

THIS AFFIDAVIT CAN ONLY BE REBUTED WITH
A SWORN AFFIDAVIT IN REBUTTAL, REBUTTING
EACH POINT — POINT BY POINT.

IT IS NOT YOUR AFFIANT'S JOB TO POINT OUT
HOW AND WHY THE PROSECUTION IS NOT IN
COMPLIANCE WITH THE COURT'S ORDER — ONLY
TO POINT OUT THAT IT IS NOT.

YOUR AFFIANT,

Theodore J. Visner          10-6-18
                            DATE

Wendi K. Garcia
Notary Public, Bay County, Michigan
My Commission Expires 4/11/2023
Acting in the County of Bay

Wendi K. Garcia          10/6/2018
NOTARY SIGNATURE    / DATE

PAGE 2 OF 2

PAGE 2 OF 2

EXHIBIT 001

ORDERING NON PARTY PARTICIPATION

# AFFIDAVIT

NOW COMES DEFENDANT IN PRO PER AS AFFIANT IN THIS SWORN AFFIDAVIT AND STATES AS FOLLOWS, BEING OF SOUND MIND AND COMPETANT TO TESTIFY TO THE SAME UNDER OATH AND STATES THE FOLLOWING AS FACT AND TRUTH:

① 18th CIRCUIT COURT JUDGE HARRY P. GILL ORDERED HIS COURT STAFF TO CANCEL YOUR AFFIANTS PROPERLY SET AND NOTICED COURT HEARING DATES SET FOR AUGUST 6 AND AUGUST 13, 2018 WITHOUT DEFENDANT'S CONSENT OR PERMISSION AS A PREJUDICIAL TRESPASS AGAINST THEODORE VISNER IN CASES 17-10629, 10630, 10631 AND 10632-FH-HG FOR THE SPECIFIC PURPOSE OF BEING A PREJUDICIAL TRESPASS AS WELL AS THE CONSPIRED DEPRAVATION OF YOUR AFFIANT'S DUE PROCESS RIGHTS UNDER COLOR OF LAW.

② SIMILARLY THIS AFFIANT'S MOTION TO DISMISS ON GROUNDS OF ENTRAPMENT KEPT GETTING CANCELLED AND/OR ADJOURNED BY HARRY P. GILL AND/OR HIS STAFF FOR VARIOUS REASONS ABSENT JUST CAUSE, CAUSING AFFIANT'S LEGAL DEFENSE COSTS TO SKY ROCKET AND ULTIMATELY INTIMIDATED DEFENSE COUNSEL TO QUIT.

YOUR AFFIANT,

THEODORE J. VISNER      11-27-18
                          DATE

Wendi K. Garcia
Notary Public, Bay County, Michigan
My Commission Expires 4/11/2023
Acting in the County of Bay

SUBSCRIBED AND SWORN TO BEFORE

Wendi K. Garcia  11/27/18
NOTARY SIGNATURE / DATE

AFFIDAVIT      Pg 1 of 1

EXHIBIT 010(a)

NOT INDIGENT TO DENY DUE PROCESS

# AFFIDAVIT

NOW COMES DEFENDANT IN PRO PER AS AFFIANT IN THIS SWORN AFFIDAVIT AND STATES AS FOLLOWS, BEING OF SOUND MIND AND COMPETANT TO TESTIFY TO THE SAME UNDER OATH AND STATES THE FOLLOWING AS FACT AND TRUTH;

① 18th CIRCUIT COURT JUDGE HARRY P. GILL WOULD NOT ACCEPT YOUR AFFIANT'S EX PARTE AFFIDAVIT OR ANY OTHERWISE EXPLINATION THAT YOUR AFFIANT IS INDIGENT AND OTHERWISE UNABLE TO PAY FEES AND COSTS CONTRARY TO MCR 2.002(D) AND INSTEAD USED THE FACT THAT YOUR INDIGENT AFFIANT WAS NOT RECEIVING ANY FORM OF PUBLIC ASSISTANCE TO DENY THE SUSPENSION OF FEES AND COSTS CONTRARY TO THE FAIR AND COMMON INTREPRETATION OF MCR 2.002(C).

② THE ONLY WAY JUDGE GILL WOULD ACKNOLEDGE YOUR AFFIANT'S INDIGENT STATUS AND ORDER FEES AND COSTS EITHER WAIVED OR SUSPENDED WAS IF YOUR AFFIANT SIGNED THE INDIGENCY FORM TIED TO A REQUEST FOR THE APPOINTMENT OF COUNSEL.

③ THE DENIAL OF INDIGENCY HAS RESULTED IN THIS AFFIANTS ABILITY TO APPEAL MATTERS AS OF RIGHT AND IS THE DENIAL AND DEPRIVATION OF DUE PROCESS IN CASES 17-10629, 17-10630, 17-10631 AND 17-10632-FH-HG. CALL BY REF AFFIDAVIT OF INDIGENCY BY STATE OPPRESSION IN FILE.

YOUR AFFIANT,

_[signature]_

THEODORE J. VISNER

DATE: 11-27-18

Wendi K. Garcia
Notary Public, Bay County, Michigan
My Commission Expires 4/11/2023
Acting in the County of Bay

SUBSCRIBED AND SWORN TO BEFORE

_[signature]_ Wendi K Garcia ON 11/27/18

NOTARY SIGNATURE / DATE

AFFIDAVIT PG 1 OF 1

AFFIDAVIT

WEAPONIZED
COURT PROCESS

Now Comes Defendant in Pro Per as Affiant For this Sworn Affidavit and States as Follows, Being of Sound Mind and Competant to Testify to the Same Under Oath and States as Follows:

① The 74th District Court and 18th Circuit Court Have Weaponized Court Process Against this Affiant in Case Numbers 17-10629, 17-10630, 17-10631, 17-10631FH And 18-10535-FY as Visable and Verifyable Throughout the 12+ Months of Affiant's Prosecution.

② Affiant's Right to a Fair and Speedy Trial Have Been Taken From Affiant Theodore J. Visner By The 18th Circuit Court in Bay City, Michigan Where All Delays Were Caused By Prosecutions Failure And Refusal to Comply With Court's Orders to Produce Discovery And Defense Materials And Defend's Proofs.

Your Affiant,

_signature_    11-22-18

Theodore Joseph Visner    DATE

Wendi K. Garcia
Notary Public Bay County, Michigan
My Commission Expires 4/11/2023
Acting in the County of Bay

Subscribed and Sworn to Before

_signature_
Notary Signature

on 11/22/18
Date

Aff
Affidavit Pg 1 of 1

EXHIBIT
012 (PL)

# AFFIDAVIT

JAIL ADMIN DEFIES
COURT ORDERS

NOW COMES DEFENDANT IN PRO PER AS AFFIANT for
THIS SWORN AFFIDAVIT AND STATES AS FOLLOWS, BEING OF
SOUND MIND AND COMPETENT TO TESTIFY TO THE SAME UNDER
OATH AND STATES AS FOLLOWS;

① BAY COUNTY JAIL ADMINISTRATION INTENTIONALLY
DISREGARDED COURT ORDERS TO ALLOW THEODORE
VISNER ACCESS TO TWO LAPTOP COMPUTERS AND
OTHER DIGITAL ELECTRONIC EQUIPMENT TO SPECIFICALLY
PROHIBIT VISNER FROM BEING ABLE TO DEFEND
HIMSELF IN COURT IN CASES 17-10629, 17-10630,
17-10631 AND 17-10632-FH-HG & 18-10535-FY, AND CIVIL FORFEITURE CASES.

② BAY COUNTY JAIL ADMINISTRATOR REFERRED TO
ABOVE IS CAPTAIN TROY STEWART.

③ COURT ORDER IGNORED INTENTIONALLY BY
CAPTAIN TROY STEWART ATTACHED AS EXHIBIT A
DATED SEPTEMBER 27, 2018

YOUR AFFIANT,

THEODORE JOSEPH VISNER          DATE   11-22-18

Wendi K. Garcia
Notary Public, Bay County, Michigan
My Commission Expires 4/11/2023
Acting in the County of Bay

SUBSCRIBED AND SWORN TO BEFORE

Wendi K. Garcia
NOTARY SIGNATURE

ON 11/22/18
DATE

AFFIDAVIT Pg 1 of 1

MICHIGAN JUSTICE LEAGUE
856 W. CODY ESTEY RD
PINCONNING, MICHIGAN 48650
(989) 954-2814

( EXHIBIT A )

OCTOBER 2, 2018

TO: JUDGE GILL & STAFF

AT THE LAST HEARING, JUDGE GILL ASKED WHAT THINGS WERE "LOST OR MISSING". WHILE I AM STILL WORKING TO PUT TOGETHER A COMPLETE LIST, HERE IS A PARTIAL LIST. COPY THIS TO WHOM EVER YOU PLEASE. I GUESS, THE JAIL HAS SUSPENDED MY ABILITY TO COPY MY LEGAL DOCUMENTS AT THE JAIL CREATING _ANOTHER_ DISTINCT ADVANTAGE FOR THE PROSECUTION AT GREAT AND DESIGNED PREJUDICE TO THE DEFENDANT.

LIST OF THINGS BELIEVED LOST OR MISSING AFTER JUDGE GILL STARTED DICTATING HOW MY DEFENSE WILL BE HANDLED, IN NO PARTICULAR ORDER.

○ Δ'S WRITTEN MOTION & ORDER TO ADJOURN PRESENTED SEPT 12, 2018 — STARTED TO HEAR DIDN'T FINISH.

○ Δ'S PRELIMINARY WITNESS LIST, SUBPOENA REQUEST

○ Δ'S NOTICE TO JUDGE ABOUT MY VISION.

○ Δ'S DEMAND TO RESOLVE JUDGE GILL'S CLAIM THAT HE COULDN'T READ ANYTHING PRESENTED TO THE COURT THAT WAS HAND WRITTEN BY Δ.

○ PETITION TO THE COURT FOR JUDGES DISQUALIFICATION. MCR 2.003 WITH COMPLETE LIST OF REASONS SPANNING 11 MONTHS.

○ NOTICE OF OBJECTION TO PROPOSED ORDER TIMELY FILED BY Δ.

○ OTHERS —

NOTICE-○ PROSECUTOR DOESN'T FOLLOW YOUR ORDERS - WHY WOULD THE JAIL?

PREPARED BY:

_[signature]_

Theodore J. Visner

OCT 2, 2018
DATE

"EXHIBIT A"

PROOF OF SERVICE
I ATTEST UNDER PENALTY OF PERJURY THAT I DELIVERED THIS DIRECTLY TO C/O DEAN AT THE JAIL ON OCT 2, 2018 @ 21.25 PM

_[signature]_
theodore J. Visner

# STATE OF MICHIGAN
# THE 18th CIRCUIT COURT - BAY COUNTY

PEOPLE OF THE STATE OF MICHIGAN

V.

THEODORE JOSEPH VISNER,
Defendant.

**RECEIVED**
**DEC 2 8 2018**
**BY:** _____

HON. HARRY P. GILL
17-10630-FH
17-10631-FH
17-10632-FH

| | |
|---|---|
| BERNARD J. COPPOLINO (P33577)<br>Bay County Assistant Prosecutor<br>1230 Washington, Suite 768<br>Bay City, MI 48708<br>989-895-4185 | THEODORE JOSEPH VISNER<br>*In Proper Persona*<br>MDOC #526348<br>3855 Cooper St.<br>Jackson, MI 49201-7547 |

### THE PEOPLE'S ANSWER TO
### DEFENDANT'S EMERGENCY MOTION FOR BAIL BETWEEN
### TRIAL COURT JUDGMENT AND DECISION OF APPELLATE COURT

NOW COME the People of the State of Michigan, by BERNARD J. COPPOLINO, Bay County Assistant Prosecutor, and answers Defendant's Emergency Motion for Bail between Trial Court Judgment and Decision of Appellate Court as follows:

1. Defendant has filed an Emergency Motion for Bail between Trial Court Judgment and Decision of Appellate Court, which was received by the People on December 19, 2018 – the date that Defendant was transported out of the Bay County Jail and into the custody of the Michigan Department of Corrections.

2. Motions such as this one are governed by MCLA 770.8 which states:

"During the time between the trial court judgment and the decision of the court to which an appeal is taken, the trial judge may admit the defendant to bail, if the offense charged is bailable and if the offense is not an assaultive crime as defined in section 9a of this chapter."

The leading case interpreting this statute is *People v Giacalone,* 16 Mich App 352 (1969), where the Michigan Court of Appeals held:

"In passing upon an application for bail on appeal we consider the following factors:

1. The likelihood that the defendant will appear when required in response to the order of the Court. In that connection we consider the defendant's ties to the community, the seriousness of the offense and the length of the term for which he has been sentenced.

1

2. The potential of harm to the community in the defendant being at large during the pendency of the appeal. We consider the defendant's past conviction record in assessing the likelihood of his committing another offense if released. We also consider the pendency of other untried charges against the defendant. However, bail will not be denied on appeal 'merely because of the community's sentiment against the accused nor because of an evil reputation' or because of the pendency of other charges against the defendant-to do so would be in effect to deny bail on untried charges, which ordinarily cannot be done. The responsibility for fixing the amount of bail for an untried charge is vested in the trial judge to whom the defendant addresses his application for bail on that charge.

3. The substantiality of the grounds of appeal. Bond on appeal will be denied if the Court becomes convinced that the appeal is clearly without arguable merit and, thus, the appeal may well have been taken and the application for bail filed primarily for purposes of delay.

4. The risk to the proper administration of justice. Bail may be denied where to allow the defendant his liberty would impede the administration of justice." *Giacalone, supra,* 355-357 (footnotes omitted).

3.  Looking at the *Giacalone* factors in order:

1.  Defendant was convicted by jury of six counts of Delivery of Marijuana (MCL 333.7401(2)(d)(iii)) and six counts of Possession of Firearm during Commission of Felony (MCL 750.227b). Defendant is currently serving the (concurrent) mandatory two year prison sentences mandated as punishment for conviction under the second statute. He owns no property in Bay County, nor has any responsible person stepped forward to vouch for him.

2.  While on bond awaiting trial on these cases, Defendant was arrested for Possession with Intent to Deliver Marijuana, based upon conversations he had with an undercover law enforcement officer about providing marijuana to that officer and quantities of marijuana found at Defendant's residence via execution of search warrant. Defendant's activities there were a continuation of the criminal enterprise for which he was convicted in these cases.

3.  The substantiality of the grounds of appeal is miniscule. Defendant was convicted on these twelve charges upon trial testimony that he provided marijuana to undercover officers for whom he was not a registered Michigan Medical Marijuana Act caregiver on six occasions, and that each time he was armed with a handgun. This testimony was not contradicted by any other trial testimony. Indeed, Defendant admitted as much in his Preliminary Examination testimony (PE, Vol I, pp 30-31, 40).

4.  The People fail to see how Defendant serving his legislatively mandated sentence in these cases would impede the administration of justice

WHEREFORE, the People pray that this Court DENY Defendant's Emergency Motion for Bail between Trial Court Judgment and Decision of Appellate Court.

Dated: December 21, 2018

BERNARD J. COPPOLINO (P33577)
Bay County Assistant Prosecutor

## PROOF OF SERVICE

That the undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on _____ 20 ___

By:  ☒ U S Mail            ☐ FAX
     ☐ Hand Delivered      ☐ Overnight Courier
     ☐ Certified Mail      ☐ Other

Signature: _____

3

STATE OF MICHIGAN
IN THE 18th CIRCUIT COURT FOR THE COUNTY OF BAY

PEOPLE OF THE STATE OF MICHIGAN,

                    Plaintiff,

vs

                                        Case Nos.   17-10630-FH
                                                    17-10631-FH
                                                    17-10632-FH

THEODORE JOSEPH VISNER,
                    Defendant.
_____/

### ORDER DENYING DEFENDANT'S EMERGENCY MOTION FOR BAIL BETWEEN TRIAL COURT JUDGMENT AND DECISION OF APPELLATE COURT

This matter comes before the Court upon Defendant's *Emergency Motion for Bail Between Trial Court Judgment and Decision of Appellate Court* filed December 19, 2018.   The decision to grant bail pending appeal is within the Court's discretion. MCL 770.8.   The Court has reviewed the motion and the applicable law and has determined that Defendant has not satisfied the criteria for release on an appeal bond.   MCR 7.209; *People v Giacalone*, 16 Mich App 352; 167 NW2d 871 (1969).

Defendant's motion is DENIED.

IT IS SO ORDERED.

Dated:   January 14, 2019

                                        _____
                                        Hon. Harry P. Gill (P26321)
                                        18th Circuit Court Judge

cc: Theodore Visner (#526348); RGC 3855 Cooper St.; Jackson, MI 49201-7547
Bay County Prosecutor
Bruce Mannikko, stand-by counsel

*AFFIDAVIT*
*ATTACHMENT / EXHIBIT*
*003*

STATE OF MICHIGAN
IN THE 18th CIRCUIT COURT FOR THE COUNTY OF BAY

PEOPLE OF THE STATE OF MICHIGAN,

                    Plaintiff,

vs

                                    Case Nos.   17-10629-FH
                                                17-10630-FH
                                                17-10631-FH
                                                17-10632-FH

THEODORE JOSEPH VISNER,
                    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

This matter comes before the Court upon Defendant's *Formal Objection to Harry P. Gill's Sept. 12, 2018 Orders and Immediate Demand for Reconsideration of "Order U"* filed September 19, 2018.   The motion concerns the Court's ruling that Defendant does not qualify as indigent because he has refused to disclose pertinent information to the determination such as income, assets, and/or expenses.   The affidavit submitted by Defendant also does not state that he receives any form of public assistance.   MCR 2.002.   The Court has reviewed the motion and finds there is no basis for reconsideration.   However, this does not preclude Defendant from submitting the appropriate information in order to establish his claim that he is indigent pursuant to the Michigan Court Rules.

Defendant's motion is DENIED.

IT IS SO ORDERED.

Dated:   September 21, 2018

_____
Hon. Harry P. Gill (P26321)
18th Circuit Court Judge

cc: Theodore Visner c/o Bay County Jail
Bay County Prosecutor
Bruce Mannikko, stand-by counsel

STATE OF MICHIGAN
COUNTY OF BAY
ATTESTED
A TRUE COPY
CYNTHIA A. LUCZAK
CLERK OF CIRCUIT COURT
By_____
                            Deputy

**PROOF OF SERVICE**

All parties were served a copy of this, _DEFENDANT'S EMERGENCY MOTION_

_FOR BAIL BETWEEN TRIAL COURT JUDGMENT AND DECISION of_

_APPELLATE COURT_

on 12-13-18  AFTER 8:00 PM  by ~~US Postal Service~~ or (personal service) at the address below.

By
THEODORE J VISNER

INNER OFFICE JAIL DELIVERY
BY JAIL STAFF C/O MURPHY / SAM
to ~~Z~~   to MANNIKKO to Z

to
18th CIRCUIT

BERNARD J. COPPOLINO (P33577)
Bay County Assistant Prosecutor
1230 Washington, Suite 768
Bay City Michigan 48708
(989) 895-4185

Bay County Circuit Court Clerk
1230 Washington, Suite 725
Bay City, MI 48708
3 4 sets, one for each file
1 set for Judge Gill

Prepared by

_____
THEODORE JOSEPH VISNER
_In Propria Persona_
856 West Cody Estey Road
Pinconning, MI 48650
(989) 954-2814

12-13-18
DATE

**PROOF OF SERVICE**
The defendant named above was provided a
copy of this information on 12-19 2018
by: ❑ US Mail        ❑ Fax
    ☒ Hand Delivered  ❑ Overnight **Courier**
    ❑ Certified Mail  ❑ Intra-Office
Signature: _____

Page 1 of 1

STATE OF MICHIGAN
IN THE 18th CIRCUIT COURT FOR THE COUNTY OF BAY

PEOPLE OF THE STATE OF MICHIGAN,

                        Plaintiff,

vs

                                        Case Nos.   17-10630-FH
                                                    17-10631-FH
                                                    17-10632-FH

THEODORE JOSEPH VISNER,
                        Defendant.
_____/

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received a copy of the *Order Denying Defendant's Emergency Motion for Bail Between Trial Court Judgment and Decision of Appellate Court.*

Dated:   January 15, 2019        _____
                                 Theodore Visner

Theodore J. Mosier #526348
Parnall Correctional Facility
1780 East Parnall Road
Jackson, MI 49201

RECEIVED
JUL 3 1 2019
CLERK'S OFFICE
U.S. DISTRICT COURT

Metroplex MI 480 ZIP
SAT 27 JUL 2019 PM

7-26-19 MI

U.S. MARSHALS

United States District Court
Theodore Levin Courthouse
231 West Lafayette Blvd. Room A2564
Detroit, Michigan 48226