UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THEODORE J. VISNER,

        Plaintiff,                          Case No. 19-cv-11232
                                                        Hon. Matthew F. Leitman

v.

TROY STEWART, *et al.*,

        Defendants.
_____/

**<u>ORDER (1) VACATING ORDER TO SHOW CAUSE (ECF No. 6), (2) GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* (ECF No. 2), (3) DISMISSING COMPLAINT (ECF No. 1.) WITHOUT PREJUDICE; (4) TERMINATING PENDING MOTIONS AS MOOT (ECF Nos. 4 AND 8); AND (5) CERTIFYING THAT AN APPEAL CANNOT BE TAKEN IN GOOD FAITH</u>**

Plaintiff Theodore Visner is a state prisoner currently in the custody of the Michigan Department of Corrections. On April 20, 2019, Visner filed a *pro se* Complaint against four Bay County Jail administrators and Bay County under 42 U.S.C. § 1983. (*See* Compl., ECF No. 1.) Visner has also filed an application to proceed *in forma pauperis* in this action (*see* ECF No. 2), a motion for a temporary restraining order and preliminary injunction (*see* ECF No. 4), and a motion for the appointment of counsel (*see* ECF No. 8).

Visner alleges, among other things, that the Defendants violated certain state-court orders during his underlying criminal trial and that the Defendants denied him

1

access to proofs and evidence that Visner wanted to introduce at that trial. (*See* Compl., ECF No. 1.) Visner insists that Defendants' actions violated his right to present a defense and ultimately resulted in his being found guilty of the criminal charges brought against him. (*See*, *e.g.*, *id.* at ¶31, PageID.6: "By denying Plaintiff access to his defense and defense materials, the Defendants knowingly and intentionally changed the outcome of the Plaintiff's trial immeasurably, resulting in his guilty verdict and his current imprisonment instead of acquittal"). Visner further alleges that the Defendants suspended the prison grievance process in an effort to prevent him from using that process to secure the return of and/or access to his legal materials so that he could use them to prepare for his criminal trial. (*See id.* at ¶35, PageID.6.) In addition to monetary relief, Visner requests that the Court "immediate[ly] release [him] from state prison" and "vacat[e]" his convictions and sentence. (*Id.*, PageID.8-9.)

On June 12, 2019, the Court entered an order to show cause why Visner's Complaint should not be dismissed under the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). (*See* Order, ECF No. 6.) Visner filed a response to that order on July 31, 2019. (*See* Resp., ECF No. 8.) The Court has carefully reviewed Visner's submissions and concludes that it is appropriate to summarily dismiss his Complaint without prejudice. Accordingly, for the reasons that follow, the Court **VACATES** its order to show cause (ECF No 4), **GRANTS** Visner's

application to proceed *in forma pauperis* (ECF No. 2), summarily **DISMISSES WITHOUT PREJUDICE** Visner's Complaint (ECF No. 1), and terminates his pending motions (ECF Nos. 4, 8) as **MOOT.**

**I**

Visner filed an application to proceed *in forma pauperis* in this action on April 29, 2019. (*See* Application, ECF No. 2.) The Court has reviewed the application and concludes it should be granted due to Visner's indigency.

Under the Prison Litigation Reform Act of 1996, the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

## II

As described above, Visner seeks damages and his release from custody based upon the alleged misconduct of the Defendants before, during, and after his state-court criminal trial. Visner fails to state a claim upon which relief can be granted for at least two reasons.

First, to the extent Visner seeks his release from custody, the Court cannot grant such relief in a civil action brought under 42 U.S.C. § 1983. Indeed, "[h]abeas corpus is the *exclusive remedy* for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck v. Humphry*, 512 U.S. 677, 481 (1994) (emphasis added). This is the same conclusion another Judge on this Court reached in a similar action Visner recently filed seeking his release from custody under Section 1983. *See Visner v. Gatza*, 2019 WL 2285313, at *1 (E.D. Mich. May 29, 2019) (Michelson, J.) ("[A]n action under § 1983 is not a valid way to challenge confinement following a state criminal conviction. Only by petitioning a federal court for a writ of habeas corpus may a state prisoner seek relief from a state criminal conviction. So Visner's present demand for his immediate release from prison is unwarranted") (internal citation omitted).

In Visner's response to the Court's order to show cause, he requested that the Court "consider this action to include a petition for a writ of habeas corpus." (Visner

4

Resp., ECF No. 8, PageID.38.) The Court declines to do so. Civil actions under 42 U.S.C. § 1983 and petitions for the writ of habeas corpus under 28 U.S.C. § 2254 are substantially different proceedings involving different parties, procedures, and available relief. If Visner wishes to seek a federal writ of habeas corpus related to the actions described in his Complaint, he must file a new action. *See Visner v. Gatza*, 2019 WL 3943168, at *1 (E.D. Mich. Aug. 21, 2019) ("declin[ing] to resurrect Visner's § 1983 complaint and convert it to a § 2254 petition").

Second, to the extent that Visner claims that the actions of the Defendants prevented him from introducing certain evidence at his underlying state-court trial and/or prevented him from filing grievances related to his separation from his legal materials, and that those actions led to his conviction at trial, those claims are also barred by *Heck*. As the Court explained in its order to show cause:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

(Order, ECF No. 6, PageID.33, quoting *Heck*, 512 U.S. at 487 (emphasis in original).)

5

Here, "success in [this] action would necessarily demonstrate the invalidity" of Visner's underlying state-court criminal conviction. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).  And those convictions have not been overturned on appeal or otherwise expunged.  Therefore, Visner cannot proceed with his civil claims against the Defendants unless and until he "can show that the state criminal proceedings have terminated in his favor." *Visner*, 2019 WL 2285313, at *1 (citing *Fox v. Michigan State Police Dep't*, 173 F. App'x 372, 377-78 (6th Cir. 2006)).

Because Visner's claims are barred by *Heck*, he cannot currently state a claim upon which relief can be granted against any of the Defendants. The Court will therefore summarily dismiss his Complaint without prejudice.[1]

### III

For all of the reasons stated above, the Court concludes that Visner's Complaint fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983.  Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Visner's Complaint (ECF No. 1) pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  The

---

[1] By dismissing Visner's current federal claims, the Court is not saying that Visner has no remedy for the alleged misconduct alleged in his Complaint.  Indeed, it appears that Visner is currently moving the state court to grant him a new trial based, in part, on the same allegations of misconduct that underlie this action. (*See* Resp. to Show Cause, ECF No. 8, PageID.46-55.)  Through this order, the Court says only that, as pleaded here and at this time, Visner has failed to state a civil claim against the Defendants upon which relief can granted.

Court further **TERMINATES AS MOOT** Visner's motion for a temporary restraining order and for the appointment of counsel. (*See* Mots., ECF No. 4, 8.)

Finally, the Court certifies that an appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.

Dated: January 29, 2020

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 29, 2020, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764